This is a suit for $8,000 for alleged personal injury to plaintiff in an automobile accident that happened September 1, 1944, at about 6:30 p.m. in the city of West Monroe. The testimony of plaintiff and defendant and of other witnesses establishes that plaintiff was driving west on Wheelis Street, having turned into the street from Montgomery Street 267 feet from the place of the accident. Defendant was driving east on Wheelis Street, meeting plaintiff. At the point of the collision two automobiles were parked on the south side of Wheelis Street, one a Chevrolet coupe, headed cast, and the other an Oldsmobile two door sedan, headed west, so that the front ends of the automobiles faced. At that point on Wheelis Street the blacktop or paved part of the street is 18 feet wide. There is some dispute as to how much of this 18 feet was occupied by the two parked automobiles, the witnesses estimating it all the way from 2 to 4 feet, with the south side of these automobiles off the paving and on the shoulder of the street.
There is no doubt that defendant was driving at a rapid rate of speed, probably 50 or 60 miles an hour, just prior to the collision. In an effort to stop when he saw the peril, he skidded his wheels a distance estimated all the way from 28 to 45 feet, and he had not completely stopped when the cars collided, striking each other in front, about the middle of each car, badly damaging both cars, and severely injuring the plaintiff. After the collision the rear fender of defendant's automobile was up on the front fender of the Oldsmobile.
The only defense is that the plaintiff was guilty of contributory negligence which bars her recovery, and the district judge *Page 383 
sustained that defense and dismissed her suit.
Plaintiff testified that shortly after she turned into Wheelis Street she passed a friend, Clyde L. Brown, who, she says, was standing in the yard of the second house west of Montgomery Street, and waved to him and asked him how he liked her car. (Other witnesses, including Brown, say he had just left the Skipper home, in front of which the accident happened, and was walking toward Montgomery Street.) She says that she was not aware of the presence of defendant's automobile until he "whipped" around the two parked cars and applied his brakes. This in spite of the fact that the evidence discloses that defendant was driving at a high rate of speed with his left wheels some 2 feet on the north side of the center of the street, even before he reached the parked automobiles.
We fail to see any reason for plaintiff not to have seen defendant's automobile long before it came up to the parked automobiles. In fact there is no reason except that she was not looking. She explains her failure to see the defendant's automobile by saying that she never pays any attention to automobiles on the street as long as they are on their right side of the road. But defendant's automobile was not altogether on its right side of the road. She says she saw the two parked automobiles — in fact knew they were parked there because they had been there some days, and she lived in the vicinity, so when she refers to automobiles on their right side of the road, she evidently means the two parked on the street, because she says she saw them and did not see the one defendant was driving.
According to her testimony, she was driving between 20 and 25 miles an hour and when she applied her brakes she stopped immediately, and there is no evidence contradicting this, so if she had been looking she would have seen defendant's automobile and could have stopped before reaching the place of danger.
There is considerable dispute as to whether there was space enough on the north side for plaintiff to have passed safely, by taking to the shoulder of the street, and defendant introduced some photographs in evidence showing four automobiles parked abreast at or near the scene of the accident, but both the outside automobiles are partly on the shoulder of the street and the one on the north side is nearly all on the shoulder. There is evidence that the ditch on the north side was cleared of high weeds and grass that were growing there at the time of the accident, and which, of course, do not show in the photographs, thus the condition of the street was not the same. These things, however, are of no importance in view of the conclusion we have reached, which is that plaintiff's own negligence contributed to the accident and injury, and bars her recovery. The judgment of the lower court is therefore affirmed. Plaintiff to pay the costs of both courts.
 On Rehearing.