REGAN, Judge.
Plaintiff, George Phillips, the operator of a bicycle, instituted this suit against defendant, Jacob W. Stevenson, the owner and operator of a 1949 Nash automobile, endeavoring to recover the sum of $26,732.50, for personal injuries and property damage incurred by him as the result of an accident in Caffin Street near Marais Street, in the City of New Orleans on January 26th, 1950, at about 6:30 a.m.
Defendant answered admitting the occurrence of the accident, but denied that he was guilty of any negligence in the premises and further averred that the accident was due entirely to the negligence of plaintiff in not maintaining a proper lookout while riding his bicycle; in not having lights thereon and operating the vehicle in a grossly - negligent manner in complete disregard of the rights of others using the roadway.
The Board of Administrators of the Charity Hospital of Louisiana at New Orleans intervened and requsted that, in the event of judgment in favor of plaintiff, it have judgment in solido against both defendant and plaintiff in the sum of $397.25 with 10% attorneys’ fees.
From a judgment in favor of defendant dismissing plaintiff’s suit, plaintiff has prosecuted this appeal.
The accident occurred at 6:30 a. m. during the transition from “twilight” to “sunrise” on January 26th, il950 in Caffin Street between Urquhart and Marais Streets. Caffin, a two-way street, is hard surfaced by virtue of a strip of asphalt having been laid in the center thereof and on.either side or adjacent to the asphalt and extending to the icurb is five feet of shell surfacing. Sometime prior to the accident one of the local utility companies had horizontally excavated a portion of the uptown side of the hard surfaced roadway of Caffin Street, which extended approximately nine feet into the width thereof. Subsequently this “cut” was filled from seven to eleven inches above the grade of the street, resulting in an elevation across this portion of the roadway which was not red-lighted on the morning of the accident.
The record is embellished with disputations ad infinitum. Plaintiff’s and defendant’s versions of the accident are antagonistic to each other.
Plaintiff contends that he was riding his bicycle, the rear of Which was equipped with a glass reflector and a headlight which was “off”, on the right side of Caffin Street approximately two feet removed from the edge of the hard surfaced roadway or seven feet from the curb, between Urquhart and Marais Streets, proceeding in the direction of the .river. The defendant was operating his motor vehicle, with the headlights “on” a short distance in the rear and that as plaintiff “took” his “feet off” the pedals “and went over the bump (with which he was familiar) kind of slow”, the defendant’s car struck the rear of the bicycle causing him to be thrown from the seat thereof and dragged along the surface of the street resulting in the injuries which are the subject matter of this litigation.
Defendant, in opposition thereto, maintains that he was driving about twenty to twenty-five miles per hour in Caffin Street in the same direction as tire plaintiff and that he observed plaintiff, on his right side, a few feet ahead, before each endeavored to traverse the “bump”, at which time plaintiff, because of striking the “bump” lost his equilibrium and control of the bicycle causing it to fall from beneath him, to the left, and collide with the right front fender of his car; the body of plaintiff then rolled upon the hood of the car and “cracked” the right side of the windshield thereof. Defendant testified that he was not aware of the “bump” prior to the accident; that he had split second knowledge of the “bump” when he observed plaintiff strike it first and begin to fall to the left and then instantly the front wheels of his car con *420 tacted it, which caused his right foot to depress the accelerator, resulting in a momentary, sudden, forward lunch of his car. Defendant brought his vehicle to a stop within twenty feet from the situs of the accident.
Plaintiff contends that the collision and the injuries resulting therefrom were caused entirely by the gross negligence of defendant in failing to maintain a proper lookout, driving his automobile at an excessive rate of speed and in failing to convey the proper signals. On the other hand, defendant insists that the accident was due entirely to the negligence of the plaintiff in not maintaining a proper lookout while riding his ¡bicycle, in not having lights thereon and operating the vehicle in a grossly negligent manner in complete disregard of the rights of others using the roadway.
Plaintiff and defendant each produced witnesses who laboriously endeavored to corroborate their respective versions of the accident but, in the main, this testimony, as we have related hereinabove, is embellished with disputations ad infinitum. However, a careful analysis of the record in its entirety, convinces us that the defendant’s version of the accident is the more plausible one and that the defendant was not guilty of any negligence.
Officer Lloyd O’Rourke, accompanied by Officer George McCollum, responding to their duty, appeared upon the scene of the accident a short time after its occurrence.
O’Rourke testified that he observed plaintiff “reclining” on his elbow in the roadway and upon interrogation elicited the following statement from him: “* * * he said he was riding his bicycle, when he was reaching near Marais Street they had a hole in the street, Sewerage and Water Board or Public Service or somebody had dug a hole and put some shells over it and filled the hole and made like a bump there, and he said he struck it with his bike and that caused him to lose control of the bike and run into this automobile being driven by the colored man over there.” O’Rourke further testified that the plaintiff was not unconscious when he arrived at the scene of the accident nor when he interrogated him.
Counsel for plaintiff, realizing the prejudicial effect of this statement upon plaintiff’s case, point out that plaintiff testified that immediately following the accident he was unconscious and remained so for several days thereafter while a patient in the hospital (although the hospital records fail to confirm this statement) and, therefore, insist that the prevailing jurisprudence of this state is to the effect that “statements taken from persons who have just been in a serious accident are not binding, in and of themselves, against the person”, and cite in support thereof Levy v. White, La.App., 1941, 5 So.2d 28, 31: “Even conceding that plaintiff made the admission as contended by defendant, it is shown that plaintiff, at the time, was in a very nervous condition and was experiencing pain and suffering. This admission, if true, made under these circumstances, is clearly violative of the facts and circumstances reflected by the evidence.” And Howze v. Hollandsworth, La.App., 1945, 26 So.2d 381, 385: “Even if plaintiff was rational and knew what was going on, and made the statement that she was to blame, if the evidence shows otherwise, the fact that she made the statement would not bar her recovery.”
In the Levy case an automobile was being backed out of a driveway and struck an elderly gentleman who was traversing the sidewalk. Witnesses, all friendly or related to the defendant, assisted plaintiff and escorted him to defendant’s home and while there he promptly admitted that his carelessness was the cause of the accident. The court, in deciding the case in favor of the plaintiff, said: “We are convinced of defendant’s liability and, since our appreciation of the evidence as a whole unquestionably establishes this liability, in fact and in law, our conclusion in this respect cannot be affected even if the alleged admission on the part of plaintiff be accepted as true.”
In the Howze case, although the plaintiff had made a statement immediately following the accident that she was to blame therefor, the court found that plaintiff was operating her automobile on her own side of the street, at a moderate speed and stopped immediately upon discovering de *421 fendant’s approach at a high rate of speed on the wrong side of the highway and that the sole cause of the accident was the negligence of the defendant.
These cases simply enunciate the logical proposition that a litigant is not in the ultimate legally bound by an admission of liability made at the time of the accident, when the facts developed on the trial thereof actually reflect otherwise.
However, the converse proposition is also true, which is the fundamental premise of this case. The facts developed during the trial thereof, only confirm the admission of liability made by plaintiff to Officer O’Rourke and this statement, to lend additional weight thereto, is also in accord with the defendant’s version of the accident.
It is self evident from the foregoing revelation that the litigants developed only questions of fact for the trial judge’s consideration. He carefully evaluated both the witnesses and their incoherence and thereafter resolved these questions of fact in favor of defendant. A subsequent analysis of the written record by us fails to disclose any error in the conclusion reached by him.
For the ¡reasons assigned the judgment appealed from is affirmed.
Affirmed.