McINNIS, Judge.
This was originally a demand for $4,500 for personal injury and $664.35 for property damage, medical expense and loss of earnings, resulting from a collision between the automobile being driven by plaintiff and a pick up truck owned by and being driven' by defendant. The demand for $664.35 was abandoned and a nonsuit entered during the trial when it appeared that these items belonged to the community existing between plaintiff and her husband.
The collision occurred in the unincorporated Village of Powhatán, in Natchitoches Parish where a newly laid concrete highway, part of. highway 20, intersects and crosses a graveled street which leads from the business section of the village and continues’ to another village, Allen, several miles away. The time of the accident was December 8, 1951 at about 2:30 or 3:00 o’clock p. m.
Plaintiff alleges that she was driving at a reasonable rate of speed, about 50 miles an hour, keeping a proper lookout, and on her own right hand side of the road. That she saw defendant approaching the highway, saw him reduce the speed of the truck, and thought he was going to stop, but that instead he picked up speed and drove broadside into the left side of the car she was driving. She says she was free of fault, and that the accident was caused solely because of the gross negligence, recklessness and want of care on the part of defendant/ without limitation, but particularly in the following respects:
Failing to keep a proper lookout, failing to keep his truck under proper control, failing to heed the stop sign at the intersection, driving directly on to the concrete slab of the new highway 20, without first ascertaining that there was no through traffic, operating the truck without proper brakes, driving with the physical defect of having only one eye. She also alleges, on information and belief, that defendant was intoxicated at the time.
A plea of vagueness was filed and answered. Thereafter an answer was filed in *172 which the substantial allegations- of the petition are denied, and further answering defendant says that he was driving the truck along the highway from Lake End toward- Natchitoches, and that at approximately the center of Powhatan, he turned right and was driving at about 15 miles per hour in his right hand lane of traffic when he approached the intersection with the concrete slab of the unfinished portion of what will -become highway 20: that there was no stop sign there: that the unfinished part of highway 20 to his right was a dead end road and traffic approaching from the right did not have the right-of-way: that approaching the intersection, without stopping, he looked to his right and left, did not see any traffic approaching and, knowing he was on the right-of-way highway, and that the unfinished part of highway 20 was a dead end road and barricaded, he did not stop but proceeded slowly into the intersection: that plaintiff was some distance from the intersection at that time, and that he had preempted the intersection, when plaintiff approached same at a high rate of speed, in excess of 60 miles per hour.
He denies that he was guilty of any negligence whatever, but in the event that he should be found negligent in any respect, he pleads the contributory negligence of plaintiff without limitation, but particularly in the following respects :
1. By failing to stop after observing defendant'turning into intersection.
2. By failing to keep a proper lookout.
3. By driving at a grossly excessive rate of speed under the circumstances.
4. By driving at a speed in excess of that allowed by law when traveling in an unincorporated village within the State of Louisiana.
5. By driving into ■ the right-of-way highway from a dead-end road without first ascertaining that same could be done safely.
6. -By operating her vehicle without proper brakes or failing, to apply same, if such she had.
7. By failing to keep her vehicle under proper control.
■ He pleads further that plaintiff saw him proceeding into the intersection and failed to do all she could to avoid the collision, and therefore she had the last clear chance to avoid the accident, and he specially pleads the last clear chance doctrine.
As plaintiff in reconvention, he pleads that plaintiff having had the last clear chance to avoid the accident, and failing to do all she could to avoid same, he is entitled to recover from her $6,900 for his injuries and damage to his truck.
After trial on the merits the district judge found both parties guilty of negligence and entered judgment rejecting the demands of each of them at the cost of plaintiff.
From the judgment plaintiff prosecutes a devolutive appeal, and defendant has answered the appeal, praying that the judgment appealed from be amended so as to award him judgment as prayed- for in his reconventional demand.
As alleged, the scene of the accident is the unincorporated Village of Powhatan in Natchitoches Parish. The Texas and Pacific Railroad traverses the village from north to south. The principal -business section is on the east side of the railroad and the school and residences are on the west side. At the time of the accident highway 20 was being paved, and in places the location was changed. The concrete slab plaintiff was driving south along had not been opened to travel, arid barricades had -been set up at each end of it, but the public insisted on using it, arid on December 8, 1951 these barricades had been torn down and plaintiff chose the paved slab in preference to the old graveled road.
According to her petition she was driving 50 miles ,an hour, and State Trooper, C. C. Wilson says she told him that was her speed, and he concludes, from the distance traveled after the accident that she was driving at least that fast.
Plaintiff testified that she saw defendant’s truck as it left the front of one of the stores, on the east side of -the railroad, when she was one-fourth of a mile from the intersection, the scene of the accident. Defendant was much closer to the inter *173 section. She says she continued to observe him until the collision occurred. That about the time defendant crossed the railroad he appeared to reduce his speed and she believed he was going to stop for the intersection; that just before that time she had reduced her speed, but when she decided he would stop she speeded up again. Defendant continued into the intersection and the collision resulted. She says when she finally saw that defendant was not going to stop it was then too late for her to stop, and that she pulled the car she was driving to the right, trying to avoid the collision, and had the right wheels off the concrete and on the shoulder of the road when defendant’s truck struck the car broad-side. She testified also that defendant admitted he was to blame for the accident and would pay' the damages. He denies making the statement.
Riding in the car with plaintiff were four other people. Darkis Levi, on the back seat directly behind the driver. She saw the truck, and says it slowed down and then picked up speed. Mariah Trotter was on the front seat to the right of the driver. She did not see the truck until the time of the collision. Luvenia Taylor, 12 years old, was in the center of the hack seat. She did not see the truck until the time of the collision. Edwina Spencer, IS years old, was on the right side of Luvenia Taylor. She did not see the truck until the time of the collision, but says she heard defendant ask plaintiff not to go to court, that he would pay for. the damage. All of them say plaintiff was driving 25 or'30 miles an hour, though her petition alleges that she was driving at a speed of SO miles an hour. '
Defendant testified as did trooper Wilson that there were no “stop” signs on the street defendant was driying on, at the intersection with the paved slab. Defendant has only his left eye. He lost the right eye when three years' of age. On the day of the accident he says he was leaving Pow-hata.n on the road to Allen, and stopped at the railroad crossing, and then proceeded in low gear at 10 or 12 miles an hour to the time of the collision, that he looked to his right and left and saw no vehicles, and saw plaintiff’s car about the time of the collision. He says plaintiff was driving at a fast speed.
Plaintiff was evidently driving more than 25 miles an hour through Powhatan, in violation of the statute, Act. No. 502 of 1948, LSA-R.S. 32:223. Defendant ■ was not keeping a proper lookout or he would have seen plaintiff approaching the intersection. She was there and he should have seen her in time to avoid the collision. On the other hand, plaintiff saw defendant approaching the intersection when she was one-quarter of a mile away, and she should have been more cautious as she approached the intersection.
Without undertaking further detail of the evidence, we are clear in the conclusion that both plaintiff and defendant were guilty of negligence ánd that the negligence continued .down to the moment of the collision, thus barring recovery by either one. We do not believe that defendant is entitled to recover on the theory that plaintiff had the last clear chance.to, avoid the accident. If either driver had taken reasonable precaution the accident would not have occurred.
Plaintiff and one of her witnesses testified that defendant, at the scene of the accident, admitted to plaintiff that he was to blame, and that he would pay the damages. He denies making such a statement. This is not material anyway. The general rule is that even though a party involved in an accident admits his fault, if on trial of the case the facts show that he was not responsible for the accident he will not be bound by the statement. Howze v. Hollandsworth, La.App., 26 So.2d 381, 385 and Phillips v. Stevenson, La.App., 57 So.2d 418.
For the above reasons the judgment appealed from is affirmed at the cost of plaintiff in both courts.