McBRIDE, Judge.
This is an action for property damage growing out of a collision which occurred at 2 o’clock p. m., on January 20, 19S2, in St. Charles Parish, between two vehicles which were participating in a parade sponsored by defendant, who was a candidate for the office of Sheriff of St. Charles Parish. The political procession had traveled about 25 miles to a point near the town of Luling when the accident occurred. Leading the parade was a bulldozer operated by defendant, and the procession was brought to a stop on many occasions while defendant demonstrated the capabilities of the bulldozer by manipulating it in such fashion that it made many fancy turns and maneuvers in the road. Defendant’s track, which consisted of a cab and a long open trailer, driven by an employee of defendant, carried the musicians and evidently had an important role in the parade. Upon starting out, the truck was positioned third in line but had fallen back consistently and considerably from the head of the parade. This is accounted for by evidence which shows that vehicles from the rear, from time to time, were driven past the truck and assumed positions ahead of it. The band truck struck the rear of plaintiff’s car during one of the many pauses along the route.
Plaintiff seeks to recover from defendant the sum of $351.26, which is alleged to be the extent of damage inflicted on the automobile. The suit was dismissed below and plaintiff has appealed.
Plaintiff contends that he had maintained a place immediately in front of the band truck for some distance and the operator negligently drove the truck into the rear of the automobile after the automobile had been stopped for an interval of some 5 to 10 seconds. Plaintiff and his two witnesses so testified.
Defendant’s contention is that the truck was approximately 80 to 100 feet behind another automobile when three cars came up from the rear, the last of which was plaintiff’s, and passed the track and then darted into the 80 to 100-foot space in the line. The truck driver and another witness testified that simultaneously with the arrival of plaintiff’s car into the line about ten feet in front of the band truck, the procession made one of its abrupt halts, with the result that the truck driver, who had no prior warning of plaintiff’s course of action, was afforded insufficient stopping space and could not avoid crashing into the automobile.
Necessarily, a decision of the case depends on which set of witnesses is to be believed. The learned trial judge, who probably personally knew the witnesses and had full opportunity to hear and see them and observe their demeanor upon the stand, adopted the statements given on behalf of the defendant and concluded that the track driver was not at fault. Under the circumstances, we cannot say that this factual finding is erroneous.
There is testimony to the effect that the truck driver admitted he was to blame, and some testimony reflects that Dufresne subsequently promised to pay the costs of repairs to plaintiff’s automobile. But little consideration should be given evidence of that character. The general rule is that even though a party involved in an accident admits his fault, if on trial of the case the facts show that he was not responsible for the accident, he will not be bound by his statements. Howze v. Hollandsworth, La. *32 App., 26 So.2d 381; Phillips v. Stevenson, La.App., 57 So.2d 418; Coleman v. Smith, La.App., 63 So.2d 171.
Finding no manifest error in the judgment, it must be affirmed.
Affirmed.