McBRIDE, Judge.
Plaintiff’s suit was dismissed on a plea of contributory negligence and he has -taken this appeal. He claims of defendants the sum of $562.82 for damages sustained by his automobile in an accident which occurred at the intersection of Tupelo and Chartres Streets in New Orleans. The defendants are father and son and respectively the owner and driver of the automobile which collided with plaintiff’s car.
*566 There is no question that the younger Brondum was guilty of negligence, as he frankly admitted that at the time of the accident he was driving at 30 miles per hour, considerably in excess of the lawful limit of 20 miles per hour.
Plaintiff was driving out Tupelo Street, or in the direction of the lake; the Brondum car was traveling on Chartres Street in the general direction of Canal Street or toward uptown. Santiago approached the intersection at a speed of IS miles per hour, and he says upon reaching Chartres Street he stopped and looked in both directions and saw to his right the Brondum car, which he and his witness are certain was a half block away. Santiago thought he had ample opportunity to cross the intersection before the Brondum car reached it and started forward -rapidly in first gear at IS miles per hour. In his petition Santiago alleges he had cleared half the intersection when his car was struck, but from the witness stand he insisted that he had almost completed the crossing when the impact came.
This is just about as clear a case of contributory negligence as we have encountered. The Brondum car could not have been as far away as half a block, or ISO feet, as Santiago claims it was. Chartres Street, according to the testimony, is just wide enough to accommodate two automobiles running abreast, and with this in mind, we do not see how the street could possibly be more than 20 feet or so wide. Santiago’s story is that he noticed the other automobile 150 feet away from Tupelo Street when his car stopped at the intersection, and that within the time that his own car had traveled a distance of about 20 feet, accepting his testimony over the allegations in his petition that he had traversed but half that distance, the Brondum car traveled the whole of the ISO feet.
Comparing the distances, we find that the plaintiff claiming the Brondum car traveled 7Yz times farther than the distance he, himself says he traversed, Santiago, then, would have us believe that Brondum’s car was operated at a speed in excess of 110 miles an hour, for this is about the speed at which young Brondum would have had to be driving to travel the 150 feet in the time consumed by plaintiff in negotiating 20 feet at IS miles per hour.
Of course, no one could be so gullible as to believe that the Brondum automobile was driven at anywhere near such a terrific pace.
Plaintiff adduced some testimony to the effect that after the accident Brondum, Sr., attempted to enter into an agreement with him whereby each owner would pay for his own repair bill. We do not see that this has any effect on the case. Even if Brondum, Sr., had gone so far as to admit liability and promise to" pay Santiago’s repairs, he could not be held bound by his statements. The general rule is that even though a party involved in an accident admits his fault, if on the trial of the case the facts show that he is not liable, his statements cannot bind him. Howze v. Hollandsworth, La.App., 26 So.2d 381; Phillips v. Stevenson, La.App., 57 So.2d 418; Coleman v. Smith, La.App., 63 So.2d 171; St. Pierre v. Dufresne, La.App., 73 So.2d 30.
Plaintiff makes the contention that whereas he had nearly pre-empted the intersection by virtue of having almost crossed it, the driver of the Brondum car should have respected his right of way thus acquired. Considering the facts, this contention falls of its own weight We think that Santiago' drove his car out into the intersection in the path of the oncoming Brondum car which was in close proximity in a' rash attempt to> beat it across the intersection.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.