McBRIDE, Judge.
This appeal involves a collision which happened at the intersection of North Miro and Frenchmen Streets, on July 3, 1951, at about 7 o’clock p. m., between a taxicab owned by the defendant and driven by its employee, which was traveling on Frenchmen Street in the direction of the lake, and an automobile owned by the plaintiff, driven by his sister on Miro Street, traveling in the direction of Canal Street.
In an original and a supplemental petition, plaintiff claims that as a result of the collision his automobile was damaged in the sum of $357.67 and suffered depreciation to the extent of $100. He prayed for judgment against defendant for $457.67 and recovered $357.67, and from the judgment the defendant has appealed.
The plaintiff alleges that ■ defendant’s chauffeur, among other things, negligently attempted to negotiate the intersection of' Miro Street in the immediate path of plaintiff's automobile, which he negligently failed to observe, with the result that the collision- was inevitable. The defendant disclaims,negligence, on- the part of its employee, and in an alternative plea charges that plaintiff’s driver was guilty of contributory negligence such as to be a bar to any recovery by plaintiff; chiefly, plaintiff’s driver is charged with speeding..'
The facts in connection with the accident a,re comparatively simple. The taxicab driver states he stopped .upon reaching Miro Street in obedience to an official stop warning sign there; that although the corner is-blind, not only because there is a structure built to the property lines but also because of the presence of automobiles which were parked on Miro Street, he was.-able to see into Miro Street, for a distance of 150 feet to his right and upon seeing no vehicles approaching, he .started across at a speed of 5 or 6 miles per hour.
The crash came just about midway of the intersection and the photographs in the record eloquently attest- that the front part of the Brackvitch • car ran into the right middle portion of the taxicab. Both vehicles came to rest within the intersection.
The defendant concedes, as it must, that its driver was negligent, but makes the contention t-hat plaintiff’s sister was also guilty of- negligence contributing to the accident in that she was driving considerably in excess of the allowable speed fixed by local traffic ordinance, The taxicab driver does not know how fast Miss Brackvitch was driving nor could Miss Brackvitch, or the passenger whom she had in. the car, give any estimate , of the speed of the Brackvitch automobile.
Defendant produced a witness named E. R. Thaller who states that he observed the Brackvitch automobile before the accident; that it was traveling along Miro Street “at a rate of speed between thirty, forty miles an hour, something like that; thirty-five miles an hour.” However, on-his cross-examination Thaller seemed to reduce his vague estimate of the speed for we find that he stated; ■ “* * * oh, it’s possible for the car to .be going twenty-five miles an hour.” .These conflicting statements in *922 cline us to the belief that Thaller does not know anything about the speed of ¿•plaintiff’s car. ■ ■
Counsel for defendant also point to the photographs which were made part of the evidence; these show the extent of the damage to the respective vehicles, and counsel argue that the pictures are mute but eloquent testimony to the fact that the Brackvitch car must ■ have been traveling at an excessive speed and struck the táxi-cab with tremendous force. The damage to the' taxicab appears about the site of its right front door which appears to have been cnished or mashed in to some extent, but we believe that if Miss Brackvitch had been operating plaintiff’s car at" the rate of speed attributed to it by counsel, that the physical damage would have been much greater. There is no questioning the fact that plaintiff’s automobile received considerable damage to its front end but still we are not satisfied that this is an infallible indication that the car was traveling at a high rate- of speed, It is a well-known fact, that the front portion of an automobile might possibly be extensively damaged by striking an object even at moderate force or speed.
There is a good reason why it would be difficult to believe that Miss Brackvitch was driving at any highly abnormal rate of speed, and this is because she turned into Miro Street from Elysian Fields Avenue, which was just one block away, and it would have been unusual for her automobile to have been accelerated sufficiently in such short distance to produce the speed at' which defendant contends the -car was traveling.
Even assuming arguendo as true the statement of Thaller on cross-examination that the Brackvitch car was traveling at 25 miles an hour, still we would not believe that the slight excess over the lawful speed limit of 20 miles per hour had even a remote connection with the accident. Our studied conclusion is that one of two things happened; when the taxicab driver started out from his position where he had stopped at the intersection, he either did not look for traffic to his right on North Miro Street or could not see what traffic was approaching because his view was interfered -with by conditions on the comer. He was guilty of negligence in either event; if his vision was obscured he should have placed himself, before starting to negotiate the crossing, in a position whence he could view and appraise the traffic conditions on the intersecting street. Undoubtedly plaintiff’s automobile was in close proximity to Frenchmen Street when the taxi driver entered the intersection, and we do not think that Miss Brackvitch can be said' to be guilty, to any degree, of negligence contributing to the accident, for it appears that she made a diligent endeavor to stop her automobile and skidded after applying the brakes in the attempt; her efforts were unavailing. Miss Brack-vit'ch' said the taxicab darted out of Frenchmen Street and immediately into the path of her car.
Plaintiff secured two bids for the repair-: ing of his car which was a 1949 Mercury, the lowest, being in the amount of $357.67, was by Keller’s Paint Shop. Plaintiff had the repair work done by Keller’s Paint Shop and paid the bill therefor in the above amount.
The mechanic who performed the work was not produced and defendant contends that plaintiff by not having seen fit* to have the workman testify -has failed to prove with legal certainty the amount of his damages. We are satisfied- with the evidence and believe that the amount expended by plaintiff was necessary in view of the extensive damage which the evidence shows was sustained by the automobile. Had there been evidence to the contrary, then possibly plaintiff might have found it necessary to produce all available evidence, but in the absence of any other evidence we think he has offered ample proof of the amount of his damages which were occasioned by the accident. Alpaugh v. Krajcer, La.App., 57 So.2d 700, on rehearing 703.
The judgment appealed from is affirmed.
Affirmed.