REGAN, Judge.
The plaintiffs, P. C. Fitzpatrick, the owner and operator of a 19S0 Oldsmobile, and his liability insurer, Travelers Insurance Company, instituted this suit against the defendant, John L. Quin, the owner and operator of a 1949 Nash Sedan, endeavoring to recover the respective sums of $50 and *304 $110.50, or the total sum of $160.50, representing property damage incurred by Fitzpatrick’s automobile on November 6, 1953, about 3 :00 p. m. by virtue of a collision in the intersection of St. Claude Avenue and Desire Street in the City of New Orleans.
The defendant answered denying that he was guilty of any negligence in the premises and then reconvened asserting a claim for the sum of $40 for property damage incurred by his vehicle.
From a judgment in favor of plaintiffs as prayed for, dismissing the reconventional demand, the defendant has prosecuted this appeal.
In order to avoid repetitious designation of parties plaintiff we shall hereinafter refer to Fitzpatrick as the plaintiff.
As is usual in cases of this character there are two versions of the manner in which the accident occurred in the intersection of St. Claude Avenue and Desire Street, the traffic of which is regulated by a semaphore signal light.
Plaintiff related that he was driving in Desire Street' moving from the river towards the lake and that he entered the riverside roadway of St. Claude Avenue on a green or favorable light, proceeded across the neutral ground thereof and that when he was in the lakeside roadway, at which time the light was still green, he observed the defendant’s automobile entering the intersection on a fed light and unsuccessfully attempted to avoid the collision by turning to his left into St. Claude Avenue.
The defendant in relating his version of the accident, which is corroborated by his wife, who was a passenger in the vehicle, asserted that he was driving in the lakeside roadway Of'St. Claude Avenue moving from the Industrial Canal in the general direction of Canal.Street and as he reached the intersection of I?.esire Street the light changed from -red to. green which permitted him to enter the intersection on a favorable signal that when he saw the plaintiff’s car in the. neutral ground area of the roadway, he unsuccessfully endeavored to turn right and avoid the accident.
The only disinterested witness whose testimony appears in the record is that of A. J. Silverman, who related without equivocation that he saw the defendant’s vehicle enter the intersection in opposition to a red signal light and that as a result thereof the collision occurred.
Only a question of fact was posed for consideration by the lower court and our examination of the record fails to reveal any reversible error in the conclusion reached by it. The evidence preponderates to the effect that the defendant entered the intersection on a red light and .that the plaintiff never possessed an opportunity to avoid the accident, although he endeavored to do so.
In order to prove his damages the plaintiff testified that the total amount of $160.50 was expended to repair his car as a result of the collision and introduced in evidence in connection therewith, the evaluation of the damages made by the Independent Appraisal Company, which was accepted by the Mossy Motor Car Company, which made the repairs. This testimony and the exhibit stand uncontradicted in the record.
Neither a representative of the company nor the mechanic who performed the work was produced as a witness and defendant contends that the plaintiff has, therefore, failed to prove with that legal certainty which the law requires the amount of his damages.
In the relatively recent case of Brackvitch v. Checker Cab Co., La.App., 1955, 79 So.2d 920, 922, we said:
“The mechanic who performed the work was not produced and defendant contends that plaintiff by not having seen fit to have the workman testify has failed to prove with legal certainty the amoupt-of his damages. We are satis *305 fied with the evidence and believe that the amount expended by plaintiff was necessary * * *. Had there been evidence to the contrary, then possibly plaintiff might have found it necessary to produce all available evidence, but in the absence of any other evidence we think he has offered ample proof of the amount of his damages which were occasioned by the accident. Alpaugh v. Krajcer, La.App., 57 So.2d 700, on rehearing 703.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.