JANVIER, Judge.
About seven o’clock on the night of February 15, 1954, the 1952 Oldsmobile automobile of plaintiff, Nicholas Defiore was run into by another car owned by Steve *127 Zar, Jr., and operated by Andrew Orleans Zar. Considerable damage resulted to the car of plaintiff. He had secured collision insurance from Motors Insurance Corporation and under that policy he himself was required to pay $50 of such amount as may be required to make repairs resulting from collision. Accordingly, he paid $50 and his insurer paid $598.80 to Paretti Pontiac Company. Motors Insurance Corporation and Defiore then jointly brought this suit against both Steve Zar, Jr., and Andrew Orleans Zar, alleging that the accident had been caused by negligence of the latter and that, accordingly, both were liable. In the original petition the name of the operator of the Zar car was incorrectly given as Olean Zar but this was corrected by supplemental petition.
Steve Zar denied liability, averring that the car at the time was being used by Andrew Zar without his knowledge, and the said Andrew Zar denied liability, averring that he had not been in any way at fault, that the accident had been caused by the negligence of Mrs. Defiore and that Mrs. Defiore did not avail herself of the opportunity to avoid the accident; in other words, that she had the last clear chance.
After trial on the merits, there was judgment dismissing the suit against Steve Zar, Jr., and dismissing it as in case of nonsuit as against Andrew Orleans Zar. Both plaintiffs have appealed.
When the matter was argued before us, it was conceded that, as against Steve Zar, Jr., the suit was properly dismissed. It was also conceded on behalf of Andrew Orleans Zar that the accident had been caused solely by his negligence and that the only question which remained was whether the judgment of nonsuit was correct.
The contention of plaintiffs is that they properly proved the amount of the damage and the contention of the defendants is that they did not offer proper proof.
In his reasons for judgment, the District Judge said that the cost of the repairs had not been properly shown and it was for this reason that he dismissed the suit as in case of nonsuit.
There is no doubt that it was shown that Defiore paid $50 and Motors Insurance Corporation paid $598.80 to the Paretti Pontiac Company. However, there was no proper evidence which in any way resembled a detailed statement as to the damages to the Defiore car.
Mr. Defiore did not testify. Mrs. Defiore stated that before the accident the car had been in perfect condition, and she identified certain documents; the $50 check which had been paid to Paretti Pontiac Company by her husband, the other check which had been paid to Paretti Pontiac Company by Motors Insurance Corporation, and an estimate of the damages and the cost of repairs which it is said was made by a man whose name was Overstreet and who had been employed by Motors Insurance Corporation for the purpose of making ap-praisements of damages, but who no longer was with the said insurance company and who did not testify.
No other witness testified except Edward F. Schellhaas, Jr., supervisor of Motors Insurance Corporation, who produced the document referred to which he called the company’s “repair and replacement order.”' It is true that this repair and replacement order, if admissible, would show the details of the damage and the exact amount which was paid by Defiore and Motors Insurance Corporation to Paretti Pontiac Company, but, except for the testimony of Mr. Schell-haas that this document was in the records of his office, there is no evidence connecting it with the damage and there was no witness who testified that the items shown on that repair and replacement order evidenced the details of the damage to the De-fiore car.
Just how much proof should be required to substantiate a claim for damages to personal property has for many years given us considerable difficulty. Nearly thirty years ago, in Laughlin v. Sullivan, 14 La. *128 App. 491, 131 So. 687, we accepted as sufficient proof, the testimony of the plaintiff, his wife and his nephew that the repairs of the automobile had cost the amount stated by them, although no details of the damage were given and no mechanic nor other employee of the repair shop was produced to testify. We said that, since there was no rebuttal evidence, we would accept that testimony.
In our latest decision, Travelers Insurance Co. v. Quin, 92 So.2d 303, 304, we said that:
“Neither a representative of the company nor the mechanic who performed the work was produced as a witness and defendant contends that the plaintiff has, therefore, failed to prove with that legal certainty which the law requires the amount of his damages.”
We found that in order to prove the damage the plaintiff testified as to the amount expended to repair the car and “introduced in evidence in connection therewith the evaluation of the damages made by the Independent Appraisal Company, which was accepted by the Mossy Motor Car Company, which made the repairs. * * * ” We said that “This testimony and the exhibit stand uncontradicted in the record,” holding that it is not always necessary that a mechanic or some one from the repair shop be produced as a witness. We cited the case of Brackvitch v. Checker Cab Co., 79 So.2d 920, 922, in which we said:
“The mechanic who performed the work was not produced and defendant contends that plaintiff by not having seen fit to have the workman testify has failed to prove with legal certainty the amount of his damages. We are satisfied with the evidence and believe that the amount expended by plaintiff was necessary * * *. Had there been evidence to the contrary, then possibly plaintiff might have found it necessary to produce all available evidence, but in the absence of any other evidence we think he has offered ample proof of the amount of his damages which were occasioned by the accident. Alpaugh v. Krajcer, La.App., 57 So.2d 700, on rehearing 703.”
In Hayes v. Illinois Central R. Co., 83 So.2d 160, 164, the Court of Appeal for the First Circuit considered the question of the amount of proof necessary in similar situations and referred to the offer of receipts to show payment, these receipts having been objected to as inadmissible. The Court said:
“ * * * It appears settled that such receipts are admissible in evidence, and when identified by testimony as the cost occasioned through the tortfeasor’s act, will support an award in damages, Brackvitch v. Checker Cab Company, etc., La.App., 79 So.2d 920; Bertuccini v. Toye Brothers Yellow Cab Co., La.App., 11 So.2d 247; Laughlin v. Sullivan, 14 La.App. 491, 131 So. 687; Michel Bros. v. Mallynn, 3 La.App. 69; Hendren v. Crescent City Seltzer & Mineral Water Company, 1 La.App. 625. * * * ”
We have no doubt that such receipts and such documents are admissible where offered in connection with the testimony of the person who makes them, but we feel certain that such an estimate as was offered here as the sole and only proof of the details of the damage which was obj ected to should not be accepted as conclusive on the sub j ect.
Even the very liberal view which we entertained in Travelers Insurance Company v. Quin, supra, does not require that we accept in evidence a written document made by a witness who was not produced and which as objected to. And since there was no other evidence except the very general statement of plaintiff’s wife that the car was in perfect condition, we feel that the District Judge was correct in being unwilling to fix the amount due the *129 plaintiffs on the very meager evidence adduced. However, it would be best to remand the matter in order that plaintiffs may produce additional proof if available. Otherwise it would be necessary to affirm the judgment dismissing the suit as in case of nonsuit, which would force the plaintiffs to the additional cost and delay of filing a new suit and trying the matter over again.
It is therefore ordered, adjudged and decreed that the judgment appealed from, insofar as it dismissed the suit as in case of nonsuit, be and it is set aside and it is now ordered, adjudged and decreed that the matter be remanded to the Twenty-fourth Judicial District Court for the Parish of Jefferson for further proceedings according to law and consistent with the views herein expressed.
Remanded.