126 So.2d 63 (1960)
Mrs. Rosie GALLIOTO
v.
Michael CHISHOLM.
No. 21480.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1960.
Rehearing Denied January 30, 1961.
Certiorari Denied March 13, 1961.
*64 Eugene D. Brierre, New Orleans, for plaintiff-appellee.
L. W. Cockfield, New Orleans, for defendant-appellant.
SAMUEL, Judge.
The plaintiff filed this suit for personal injuries and property damage resulting from an automobile collision. The defendant answered, denying negligence on his part and pleading contributory negligence, which plea, the plaintiff contends, is improperly made. From a judgment in favor of the plaintiff the defendant has appealed.
There is no serious dispute about the fact that the plaintiff was negligent and the pleadings, arguments and briefs present only two questions for our consideration. Has the defendant properly pleaded contributory negligence and, if so, was the plaintiff guilty of such negligence?
The plaintiff's complaint about the plea of contributory negligence is to the effect that the answer fails to allege specific acts of such negligence. She urges the well settled rule that contributory negligence is a defense which must be specially pleaded and the facts relied upon as constituting such negligence must be set out. Delta Fire & Casualty Company v. Bird, La.App., 121 So. 2d 375; McDonald et al. v. Stellwagon et al., La.App., 140 So. 133; Quatray v. Wicker et al., 16 La.App. 515, 134 So. 313.
The complaint is not well founded. A careful examination of the answer reveals that contributory negligence is alternatively pleaded and that various acts on the part of the plaintiff, as not keeping a proper look-out, etc., are set out in connection *65 with the plea. The issue of contributory negligence has been properly raised.
With the single exception of one disinterested witness, who was able to testify only as to how far the plaintiff car had gone into the intersection at the time of the collision, all of the evidence relative to the accident is confined to the testimony of the two litigants. As shown by this testimony, these are the facts involved:
The accident occurred at the intersection of Mirabeau Avenue and Desire Street in the City of New Orleans. Mirabeau Avenue is forty feet or more in width and Desire Street is about half as wide. Both streets are paved or blacktopped and neither has a neutral ground. The intersection is uncontrolled by traffic signals or signs.
The plaintiff, a sixty-one year old lady at the time of the accident and, by her own testimony, a person who drives "very slow", was driving her car on Desire Street in a southerly direction towards Mirabeau Avenue at a speed of about ten miles per hour. As she approached the intersection she reduced her speed to about five miles per hour. She stopped for the intersection, looked both ways, saw the defendant's approaching car about three quarters of a block away, and proceeded to cross at a speed of five miles per hour. She saw the approaching car only once, while she was stopped at the intersection, after which she "didn't look at him any more". She was not able to testify as to the approximate speed of the approaching automobile. Her car was the first to enter the intersection.
The defendant was driving on Mirabeau Avenue in an easterly direction towards Desire Street. He was probably traveling in excess, but not greatly in excess, of the speed limit. (The plaintiff relies solely on the amount of damage to the cars as being indicative of defendant's high speed. But under all the facts involved these damages could indicate, inconclusively, various rates of speed and they cannot take the place of concrete proof even though the only testimony in the record relative to defendant's speed is that given by the defendant himself.) The defendant testified that he first saw the plaintiff's car when he (defendant) was about ten or twenty feet from the intersection and at that time the plaintiff's car was moving across the intersection. Just before the collision occurred he applied his brakes and veered to his right in an attempt to avoid the accident. The plaintiff's car was more than half way across the intersection at the time of the collision, and the left front fender of the defendant's car struck the right front door of the plaintiff's car.
The plaintiff relies on the rule of law to the effect that where there is an intersectional collision the automobile which first entered the intersection has the right to proceed, having the right-of-way over the automobile approaching at right angles. Santiago v. Brondum, La.App., 75 So.2d 565; Seamons v. Aetna Casualty & Surety Co., La.App., 62 So.2d 856; Gauthier v. Fogleman, La.App., 50 So.2d 321; Ferris v. Quinn, La.App., 21 So.2d 106.
This rule is not without exception. Before a motorist can rely on preemption he must show that he made entry into the intersection at proper speed and sufficiently in advance of the approaching car on the intersecting roadway to permit him to proceed on his way without requiring an emergency stop by the other vehicle; or, to describe the same principle in other words, the entry must be made with the opportunity of clearing the intersection without obstructing the path of the other vehicle, under normal and reasonable circumstances and conditions. See Butler v. O'Neal, La. App., 26 So.2d 753, 756; Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829, 831; Lafont v. Nola Cabs, Inc., La. App., 65 So.2d 918, 920; Dodd v. Bass, La. App., 76 So.2d 572, 575; Heindel v. Transcontinental Ins. Co., La.App., 82 So.2d 491, 492.
It follows that the motorist who makes such an entry with the opportunity *66 of clearing the intersection must take reasonable advantage of that opportunity. He must cross the intersection without undue delay and at a reasonable speed under the circumstances. Otherwise he loses the advantage gained by his prior entry and is guilty of negligence. For while the rule as to preemption initially gives the first entering motorist the right-of-way, it certainly does not relieve him of negligence committed during the crossing of the intersection.
Here we find the plaintiff, after stopping at the intersection and observing the approaching car at what she describes as three quarters of a block away, attempting to cross the distance of forty feet or more at a speed of only five miles an hour without having any idea of the speed of the approaching car and without observing or paying any attention to that car after she saw it for the first and only time. We feel certain that any reasonable person would realize the serious danger of a collision involved in crossing into the path of the approaching car in such a manner and at such a speed. Accordingly, we hold the plaintiff guilty of contributory negligence.
However, we are of the opinion that, despite this holding, the defendant is liable under the doctrine of last clear chance.
This doctrine need not be pleaded by the plaintiff. Its application to the facts is a matter of reasoning and deduction and a function of the court. See Iglesias v. Campbell, La.App., 175 So. 145.
Here it is immaterial whether or not the defendant, as he testifies, first saw plaintiff's car when he was only ten or twenty feet from the intersection. In view of the fact that plaintiff's car, traveling at only about five miles per hour, had managed to cross the middle of the intersection before the collision took place, and considering the distance between the two cars at the time plaintiff entered the intersection, it is obvious that by looking ahead in the exercise of ordinary driving care he could and should have seen the plaintiff's peril in sufficient time to avoid the collision. Under these circumstances the doctrine of last clear chance is applicable. See Alvares v. Rush, La.App., 108 So.2d 797; Lervick v. White Top Cabs, Inc., La.App., 10 So.2d 67; Jackson v. Cook, 189 La. 860, 181 So. 195.
The defendant additionally contends that the plaintiff's claim for damages to her car should be disallowed because of insufficient proof thereof, and that the award for plaintiff's injuries is excessive and should be reduced.
In proving her automobile damages the plaintiff offered no witness other than herself. She filed in evidence the itemized, receipted bill of a local automobile repair establishment in the amount of $170.50 and testified that she had paid the bill and that the same had been incurred by her as a result of the damages occasioned by the accident. There being no evidence to the contrary, nor any reason to disbelieve the witness, we are of the opinion that this is sufficient proof of the damages to her car. Travelers Insurance Co. v. Quin, La.App., 92 So.2d 303; Brackvitch v. Checker Cab Co., La.App., 79 So.2d 920; Bertuccini v. Toye Bros. Yellow Cab Co., La.App., 11 So. 2d 247.
As a result of the collision the plaintiff suffered a contusion or bruising of the head and neck area, a sprain of the ligaments at the junction of the neck and body, and a contusion of the left shoulder and the anterior part of the chest. The medical testimony is to the effect that these injuries ordinarily would be considered minor in relation to the actual trauma but that the plaintiff suffered from arthritis of the neck and this, together with her age, would cause a prolongation of recovery beyond the eight week period which would otherwise be expected. We are satisfied from all of the testimony that a much longer period of time was required for recovery and that the plaintiff did experience considerable pain.
*67 The trial court allowed $750 for pain, suffering, etc., and we do not feel that this is excessive.
For the reasons assigned the judgment appealed from is affirmed, costs to be paid by the defendant.
Affirmed.