HARDY, Judge.
This is an action by plaintiffs, husband and wife, for the recovery of damages resulting from personal injuries to the latter arising from an automobile collision which occurred in the City of Mansfield, and plaintiffs appeal from judgment rejecting their demands.
Three vehicles were involved in the accident, namely, a Chevrolet Sedan owned by plaintiffs in community and operated at the time by plaintiff wife; a Ford Pickup truck owned by Sherman Page, insured by Peerless Insurance Company, both of which parties are the named defendants in this action, operated at the time by one Warren Carter, an employee of Page; and a Chevrolet Sedan owned and driven by one Gus Sutton, who was not joined as a defendant.
The only specification of error asserted against the judgment appealed from is delineated in brief of counsel for plaintiffs as follows:
“Appellant contends that the trial judge erred in holding that plaintiffs had failed to make out their case by a preponderance of the evidence, and further erred in assessing the credibility of witnesses especially where witnesses who were expressly disbelieved on specific points were corroborated *448 on the same points by witnesses whom the trial judge expressly believed.”
The above complaint ultimately involves purely factual questions which must be determined from the record. Our learned brother of the district court gave a detailed written opinion in which he meticulously reviewed the testimony of the witnesses and reached the conclusion that neither the plaintiff, Mrs. Procell, nor Carter, the operator of the Page truck, had been guilty of negligence, and that the sole and proximate cause of the accident was the negligence of Sutton. In his careful analysis of the testimony, the trial judge made it abundantly clear that, in his opinion, the testimony of the plaintiff, Mrs. Procell, and a number of her witnesses was not entitled to belief in a number of pertinent and material instances.
We have carefully examined the record and find no reversible error in the factual conclusions set forth by the district judge, either as to the findings of fact in connection with relation to the occurrence of the accident or his appraisal of the credibility of the witnesses tendered by the parties' litigant on trial of the case. To the contrary, our own evaluation of the facts and the weight of the testimony completely accords with the conclusions of the trial judge, and under such circumstances it follows that the judgment appealed from must be affirmed.
In addition to the general specifications of error above set forth, zealous counsel for plaintiffs, in brief and oral argument before this court, urgently contends that Sherman Page, a party defendant, allegedly possessed of knowledge of material facts vital to the determination of this litigation, was not called to testify on behalf of defendants, and, on this basis, insists upon application of the presumption that his testimony would have been unfavorable to defendants’ position.
This objection is based upon testimony that the defendant, Page, visited the scene of the accident after its occurrence, declared to the plaintiff, Mrs. Procell, that the collision was attributable to the fault of his driver and advised her to procure an estimate of the damage to her car and his company would pay the cost thereof.
We think counsel’s contention is invalid for two reasons; first, because Page was present in person in court during the trial and could have been called on cross-examination, and, second, because it is the well-established rule of our jurisprudence, attested by numerous cases, that even when a party concerned in an accident admits his fault he cannot be bound by such statements if the facts developed on trial of the case lead to the conclusion that he was free from liability; Santiago v. Brondum, La. App., 75 So.2d 565 (Orleans, 1954); St. Pierre v. Dufresne, La.App., 73 So.2d 30 (Orleans, 1954); Coleman v. Smith, La. App., 63 So.2d 171 (2d Cir., 1953); Phillips v. Stevenson, La.App., 57 So.2d 418 (Orleans, 1952); Howze v. Hollandsworth, La.App., 26 So.2d 381 (2d Cir., 1945).
Inasmuch as we have concluded that the facts developed on trial of the instant case fail to establish negligence on the part of Page’s driver, the asserted admission of liability cannot benefit plaintiffs
Defendants have answered the appeal, praying for the assessment of damages on the ground that plaintiffs’ appeal is frivolous and was taken for the purpose of delay. It suffices to say that we find no merit in this contention, and, accordingly, defendants’ demands in this respect are re-j ected.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.