SAMUEL, Judge.
This is an action for property damages (to one of the cars involved) resulting from an automobile collision, Defendants have appealed from a judgment in favor of plaintiff in the amount of $140.00.
The accident occurred at approximately 12:30 a. m. in the intersection of Nunez and Diana Streets in that part of the City of New Orleans known as Algiers. Both streets are blacktopped and the intersection is not controlled by traffic signals or signs of any kind. The automobile driven by plaintiff was proceeding in a westerly direction on Diana Street and the defendant car, a taxicab driven by one of the defendants, was traveling in a southerly direction on Nunez. A two-story building on the corner to the right of plaintiff car and the left of the defendant automobile caused the intersection to be a blind, or partially blind, one insofar as the vehicles here involved were concerned. The right rear of plaintiff car was struck by the front, particularly the right front, of the taxicab, after the former had passed the middle of the intersection.
The testimony of plaintiff, substantially corroborated by a passenger in his car, was to the following effect: he was traveling at about IS or 20 miles an hour and slowed almost to .a stop when he reached the intersection, which he crossed at a speed of 6 to 8 miles an hour. At the time he entered the intersection he looked both ways on Nunez Street and observed the headlights of the taxicab about 150 feet away. He was more than halfway across the intersection when he heard brakes squealing and the collision occurred.
The testimony of the defendant driver, corroborated in part by a passenger in his cab, was that he was traveling between 15 and 20 miles per hour as he approached the intersection. He knew the plaintiff’s car was approaching before it appeared in the intersection (apparently he derived this knowledge from the beam of the headlights which preceded the plaintiff car) and blew his horn but did not put on his brakes or slow down. He was almost at the intersection when the plaintiff car entered the same and then put on his brakes but too late to avoid the collision.
While we believe that plaintiff was probably guilty of contributory negligence, we are of the opinion that he is entitled to a judgment under the doctrine of last clear chance.
In his reasons for judgment the trial judge stated:
“The testimony of defendant’s insured indicated that he saw plaintiff’s car approaching and sounded his horn but did not apply his brakes and the accident occurred on the 'inner’ side of the intersection in relation to defendant. A witness was in the car driven by the defendant and his testimony was to the same effect that the plaintiff’s car was observed and that his horn was sounded but that no brakes were applied. Although he was called as a witness for defendant his testimony was subsequently attempted to be impeached by the defendant’s attorney.
“It is the Court’s conclusion that the petitioner’s car had preempted the intersection without observing the car of defendant and had almost completed *717 the successful negotiation of the intersection when he was struck by defendant’s vehicle. Had the defendant applied his brakes instead of blowing his horn it is the Court’s opinion that the accident would never have occurred.”
We do not believe plaintiff’s testimony to the effect that the taxicab was as far as ISO feet away when he, plaintiff, entered the intersection but we are in agreement with the finding of fact by the trial court that the cab was a sufficient distance away at that time, especially since the driver knew in advance that plaintiff was approaching the intersection, so that by the exercise of ordinary care the latter could and should have' seen plaintiff’s peril in sufficient time to avoid the collision. Under these circumstances the doctrine of last clear chance is applicable. See Gallioto v. Chisholm, La.App., 126 So.2d 63, and cases cited therein.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.