CHRIS T. BARNETTE, Judge pro tern.
This is an action for damages brought by the plaintiff insurance company as subrogee of its insured.
Two automobiles driven by the defendants, Richard M. Kleinsmith and Mrs. Joyce Poche, wife of Maurice Poche, collided at a street intersection causing the one driven by Kleinsmith to cross the curb and sidewalk and crash into the house of Mrs. Mamie Holmes Harvey causing damage thereto. The plaintiff, American Casualty Company, as insurer of the Harvey property, paid to the insured $383.00 for the damage and now brings this action for recovery of that amount from defendant Kleinsmith and his liability insurer, Aetna Casualty and Surety Company, and Mr. and Mrs. Poche, jointly, severally and in solido.
There is no dispute of the liability, nor the right of plaintiff to bring this' action in subrogation. The only question is the extent of damage for which defendants are liable. The trial court awarded damages in the amount of $48.00, from which judgment plaintiff has appealed praying for increase of the award to the full amount of its claim, $383.00.
Plaintiff relies upon an estimate of damage made by Earl J. Markey, a qualified estimator and builder, whose estimate of cost of repair was $558.00. This amount was depreciated to $383.00 and accepted by the insured in full settlement. The qualifications of Mr. Markey are not disputed and he was accepted by the trial court as an expert and allowed a fee of $25.00 which was taxed as cost.
Plaintiff relies on the estimate of Mr. Markey for proof of damage, citing Camden Fire Ins. Ass’n v. Fontenot, La.App., 11 So.2d 99; Hughes v. Louisiana Power and Light Company, La.App., 94 So.2d 532. These authorities and others, including Woodward, Wight & Co. v. Douglas Public Serv. Corp., La.App., 75 So.2d 896, would sustain plaintiff's claim if the estimate of damage is proven to be directly related to the accident caused by defendants’ negligence. It is incumbent upon plaintiff not only to offer proof of the estimate of damage by a qualified person, but it must be affirmatively shown that the damages estimated were directly attributable to the accident. Defiore v. Zar, 106 So.2d 126; Brackvitch v. Checker Cab Company of New Orleans, La.App., 79 So.2d 920.
The trial court found that the impact of the automobile against the house caused some roofing tiles to be jarred loose and that the cost of this repair was $48.00. There is no dispute of this item of damage. Beyond this it is difficult, if not impossible, to determine with certainty the ex *813 tent of damage caused by the accident from the testimony of Mrs. Harvey and Mr. Markey.
The house in question was approximately sixty years old at the time of the accident. It had been occupied since 1948 by Mrs. Harvey. The walls in the two rooms in question had not been repaired by her since she occupied the house, but wallpaper had been replaced about five or six years before.
Mrs. Harvey testified that when she returned home after the accident she observed cracks in the plaster and torn wallpaper, which had not been seen prior to the accident. She also testified that certain windowpanes were cracked. These conditions were pointed out to Mr. Markey along with the external damage at the point of impact. Relative to these items of damage Mr. Markey testified as follows:
“Q. Mr. Markey, was the interior damage you found in the walls consistent with a blow by an automobile ?
“A. Well, it would be hard to say definitely, one way or the other. Not having seen the building before it was hit it’s impossible to say all of the damage done occurred from the accident.”
We think the plaintiff has failed to establish with reasonable certainty that the full extent of damage estimated by Mr. Markey was directly related to the accident. However, we think it is obvious that some damage was done to the brick work and weather-board siding at the point of impact. A -force strong enough to dislodge roofing tiles must surely have caused other damage.
The itemized estimate of Mr. Markey filed in evidence, which did not include the roof damage, lists three items which we think are obviously directly related to the damage caused by the accident. These are masonry and shoring, $78.00; carpentry, $130.00 and painting new exterior work, $39.00, totaling. $247.00. These items in addition to the roof damage should be allowed. All other items were properly-disallowed. This figure depreciated in the same proportion as that applied to the whole comes to $169.50.
The judgment appealed from is amended by increasing the award to plaintiff-appellant from $48.00 to $217.50. In all other respects it is affirmed.
Amended and affirmed.