SAMUEL, Judge.
This is a suit for damages resulting from a rear-end automobile collision. Plaintiff is the owner of one of the cars involved and the father of a sixteen year old minor who was injured in the collision. The defendant is the liability insurer of the other vehicle.
After a trial on the merits there was judgment against the defendant awarding to the plaintiff, individually, $269 for medical expenses and $270 for damages to his automobile, and awarding to the plaintiff, for the use and benefit of his minor son, $2,-700 for personal injuries and $230.40 for loss of earnings. The defendant has appealed. In this court defendant concedes liability and argues only that the award of $2,700 for personal injuries is excessive and should be reduced and that the award of $270 for property damage has not been sufficiently proved and therefore should be disallowed. These are the only two questions presented for our determination.
The accident happened on June 3, 1963. The minor was driving his father’s automobile, a 1953 Ford, and had come to a stop in a line of traffic itself stopped by a red semaphore when his vehicle was struck in the rear by the defendant car. The impact drove the plaintiff car into the vehicle immediately in front of it and caused the floor boards to buckle throwing the boy’s right knee violently into contact with the steering post. He was seen by his family physician on the day of the accident.
The doctor’s examination at that time revealed a swelling of the right knee which was one-half inch larger than the left. The boy also complained of pains in the neck. His injuries were diagnosed as a mild whiplash (which, according to the doctor, involved a more or less severe strain or sprain capable of causing persistent headaches) and a contusion with abrasions of the knee area. The pain in the neck gradually became worse .and on June- 26 there was a rigidity of the sterno-mastoid muscles, particularly on the left side of the neck. There was limitation of motion especially on flexion and extension of the head. He was given daily treatments, diathermy for the knee and heat for the neck, until his discharge on August 26, a period of one week less than three months. At *552 the time of discharge the neck rigidity had disappeared.
The hoy had been a very active participant in athletics, particularly baseball, tennis (which he taught), weig’ht lifting and track. He did not miss any school as a result of the accident (he was going to •summer school two hours a day), but he was unable to return to his employment as ,a waiter in a drive-in restaurant. He tried to work but had to stop after three days because of pain in the knee and leg. He did not return to work until the following November. At the time of the trial, ten months after the accident, his knee was still giving him trouble and he was not able to compete as fully in athletics as he had prior to the accident. He testified that he continued to suffer from occasional headaches due to his whiplash injury.
Plaintiff testified that his son was healthy, very active, and always engaged in sports prior to the accident but at the time of trial he was still unable to play tennis or baseball due to his knee and he had intermittent headaches' as a result of the neck injury.
The trial judge was impressed with the boy’s athletic achievements concerning which he personally questioned the minor at length. In his reasons for judgment he stated that the boy’s future full participation in athletics was dependent upon a complete healing of the knee injury and he found that the knee was “still somewhat of a question mark” although the indications were that in due time there would be no residual.
Under the authority of the rule set out in the recent Supreme Court cases of Gaspard v. LeMaire, on rehearing, 245 La. 239, 158 So.2d 149, and Ballard v. National Indemnity Company of Omaha, Nebraska (consolidated with Craft v. National Indemnity Company of Omaha, Nebraska), Supreme Court of Louisiana, 169 So.2d 64, handed down on November 13, 1964, we have considered the amounts of awards granted or approved by appellate courts of this state in other and somewhat similar cases insofar as the same are relevant to the question of whether the award of $2,700 for the injuries suffered by young Anselmo is excessive to the extent that it constitutes an abuse of the discretion given to the trial court by LSA-Civil Code Article 1934(3). We are of the opinion that the award is not excessive and it follows, of course, that the trial judge has not abused his discretion.
Defendant’s contention that the award of $270 for damages to plaintiff’s automobile has not been sufficiently proved is based on the fact that the damages have not been repaired and the estimate relied upon to establish the cost of repair does not fully itemize the damages occasioned by the accident. The estimate in question was introduced in evidence. It sets out in detail each item of repair to be made and the total charge, $270, therefor. It does not set out the cost of each particular item of repair, or of any such item, and it is in this respect that defendant argues the estimate is insufficient to support the judgment for damages to the automobile.
Plaintiff had obtained two estimates. One was for slightly more than $300; the other, the lower bid for $270, is the one upon which he bases his claim. Plaintiff testified that his car had been in excellent condition immediately prior to the accident; it had been repaired at a cost of $306.71 less than three months before. The receipt and the itemized bill for those repairs were introduced. He further testified that the items listed in the $270 estimate were necessitated by the accident.
The person who had made the estimate of $270 also testified. He was the owner of an automobile repair concern and had been in that business continuously since 1929. He stated he was familiar with plaintiff’s car, it had been in good condition immediately prior to the accident, and the repairs listed were necessitated by the accident. He further testified that the absence of a cost breakdown as to each individual item was due to the fact that new parts *553 for such an old model car were very difficult to obtain, sometimes requiring several months, and were economically prohibitive in that their use would have resulted in a total cost of repair of between $500 and $600 and at the time of the accident the car had an actual value of only $450. His estimate was based on the much lower prices of used parts, the exact cost of which was unknown to him at the time he made the estimate and would depend upon what he would have to pay at the time he located them.
There being no evidence to the contrary, nor any reason to disbelieve the witnesses, and since plaintiff actually has minimized his damages to the defendant’s advantage, we are of the opinion that plaintiff has sufficiently proved damages to his car to the extent of $270. See Gallioto v. Chisholm, La.App., 126 So.2d 63; Allen v. State Farm Mutual Automobile Insurance Co., La.App., 120 So.2d 372; Defiore v. Zar, La.App., 106 So.2d 126; Alpaugh v. Krajcer, La.App., 57 So.2d 700; J. J. Clarke Co. v. Toye Bros. Yellow Cab Co., La.App., 22 So.2d 298.
The judgment appealed from is affirmed.
Affirmed.