65 So.2d 918 (1953)
LAFONT et al.
v.
NOLA CABS, Inc. et al.
No. 19865.
Court of Appeal of Louisiana, Orleans.
June 19, 1953.
Daniel A. McGovern, III, New Orleans, for plaintiffs-appellants.
Henry L. Oulliber, Jr., and Robert J. Pitard, New Orleans, for defendants-appellees.
JANVIER, Judge.
The automobile collision from which this suit results occurred in the intersection of Elysian Fields Avenue and St. Denis Street, at about 6:15 o'clock on the evening of March 15, 1950. Mrs. Earl H. Lafont was operating the family Chevrolet automobile, and in the car with her were her two sons, Raymond and Larry, age 15 and 11 years, respectively. The other automobile, which was involved, was a taxicab *919 which was owned by Raymond Klein and was being operated at the time by Edward Rowley.
The taxicab was bonded under the provisions of Municipal Ordinance No. 16,605 C.C.S., as amended. In the taxicab, which was going out Elysian Fields Avenue on the lower side, were, in addition to the driver, four passengers, Mr. and Mrs. Earl Weinmann, Mr. Weinmann's mother, Mrs. Alma Dennis, and a Miss Jeannette Dellsperger. The two cars came into contact just after the Lafont car had crossed the upper side of Elysian Fields Avenue and had crossed the neutral ground and had entered the lower side intersection of Elysian Fields Avenue.
Mr. and Mrs. Lafont brought this suit in their individual capacities and for the use and benefit of their minor sons, alleging that the collision had resulted entirely from carelessness on the part of Rowley, the operator of the taxicab in that he failed to maintain a proper lookout; that he failed to operate the cab at a safe and moderate speed, particularly since it was raining at the time; in that he failed to observe that the Lafont car had entered the intersection and had preempted it; and that he was operating the taxicab at an excessive speed and without headlights.
The defendants, admitting the occurrence of the accident, denied that there was any negligence on the part of Rowley and averred that the accident had been the result of negligence on the part of Mrs. Lafont in that she failed to keep her car under proper control; failed to keep a proper lookout; failed to stop on the neutral ground before entering the lower roadway; failed to blow her horn before entering the lower roadway; in that she did not accord the right of way to traffic which was on Elysian Fields Avenue, and in that she operated her car across the intersection at excessive speed. It is particularly alleged that Mrs. Lafont, in several particulars, violated the provisions of the City Traffic Ordinance, No. 13,702, C.C.S., as amended.
There was judgment in favor of the defendants dismissing plaintiffs' suit, and they have appealed.
It is stipulated that at the time of the accident it was raining and the streets were wet, and it is also stipulated that the making of repairs to the automobile of plaintiffs required the expenditure of $167.01.
Since the charge that the operation of the taxicab without lights would no doubt have constituted negligence, we first notice in the brief filed by counsel for plaintiffs that it is rather naively stated, apparently as an admitted or established fact that the headlights of the taxicab were not burning, whereas, as a matter of fact, no such fact is admitted or established, the evidence rather overwhelmingly showing that the headlights of the cab were burning at the time.
Mrs. Lafont, the driver of the car of plaintiffs, says that she had crossed the upper roadway of Elysian Fields Avenue and had crossed the neutral ground, and that she then came to a stop "at the far side of the neutral ground, and I didn't see anything coming." Towards the end of that statement, however, she stated that "as we got about the middle of the neutral ground I happed to see the cab coming and just as I saw it, he hit me."
In the first place, it is obvious that if she saw the cab coming when her car was in the middle of the neutral ground, even if no headlights had been burning on the cab, that would have been of no importance, and in the second place, if she saw the cab coming when she was at about the middle of the neutral ground, it could not have hit her at that time, and, as a matter of fact, she must have already entered the lower roadway before she saw it.
Only one of the boys, Raymond Lafont, testified, and he said that both he and his mother had looked and had seen nothing.
As opposed to this testimony is found the testimony of Weinmann, who was a passenger in the taxicab, who says that its headlights were burning and that the Lafont car did hit the taxicab, and that the "lady"Mrs. Lafont had gotten out and had said that she was sorry. Mrs. Weinmann, also a passenger in the cab, said that the Lafont car hit the taxicab, and *920 that the headlights of the taxicab were burning.
Mrs. Dennis, also a passenger in the taxicab, said that the cab lights were burning and that the car ran into the taxicab. A fourth witness was present in the hallway outside the courtroom, but counsel intimated that his testimony would be merely corroborative. He stated that he had "no desire to put this witness on the stand," but that he offered him to opposing counsel "if he wants to question him."
Rowley, the driver of the taxicab, stated that he was operating the cab near the neutral ground; that he saw the Lafont car cross the neutral ground at a moderate speed; that he assumed that it would stop to let the taxicab pass, but that it did not stop and that when his car reached a point only a few feet from the intersection, the Lafont car continued into the intersection, and that the collision occurred. He says that the left front of the taxicab and the right front side of the other car came together. He says that about one-half of the other car had entered the intersection at the time.
It seems clear from the location of the damage to the Lafont car as is shown by the photograph which is offered in evidence that, as a matter of fact, the Lafont car did enter the intersection possibly three or four feet ahead of the taxicab. But from that it cannot be said that it had preempted the intersection. The driver of that car should have brought it to a stop and should have permitted it to remain stationary on the neutral ground in order that the taxicab might proceed across the intersection in safety.
We have often said that preemption does not result from merely entering an intersection first. In order to preempt an intersection the driver of the car who claims to have preempted it must show that he entered it at a proper speed and sufficiently in advance of the car on the intersecting roadway to permit him to cross without requiring an emergency stop by the other vehicle.
It must be conceded that Mrs. Dennis apparently stated that the impact had taken place near the curb on the right-hand side of the driveway on which the taxicab was being operated, and if this was true, then the car of plaintiffs had practically crossed that driveway when the collision occurred, but we think that it is very evident that Mrs. Dennis was merely confused and did not mean to say that the plaintiffs' car had crossed the roadway.
We have discussed the evidence to some extent though in reality it was not necessary for us to do so for all that the record convincingly shows is that it is very obvious that the finding of the district court was not manifestly erroneous.
On the facts which the record seems to establish we would not be justified in reversing the judgment of the district court.
Accordingly, the judgment appealed from is affirmed at the cost of appellants.
Affirmed.