HARDY, Judge.
This is an action 'for damage's resulting from personal injüries sustained by plaintiff, David Montgomery, Jr,, when- struck by an automobile driven' by 'the' defendant, J. Ollie Ware. Jpined as defendants are the driver’s employer, Louisiana Power & Light Company, and its insurer, Hartford Accident & Idemnity Company. Plaintiff, David Montgomery, Jr., having been a minor at the time of the accident, was joined as a party plaintiff by his father, David Montgomery, Sr., who sought re *269 covery for medical expenses paid for the care of his minor son, and, alternatively, for the loss of wages or earnings of his said son until his attainment of the age of majority. From a judgment in favor of defendants rejecting plaintiff’s demands they have prosecuted this appeal.
The accident occurred shortly after 5:00 P. M. on July 10, 1950, within the corporate limits of the town of Bernice, Union Parish, Louisiana, at a point on Louisiana Highway No. 167. David Montgomery, Jr., hereinafter referred to as plaintiff, was in the company of a number of his friends and fellow employees, all of whom had just finished their day’s work at the Bernice Hardwood Lumber Company, which is located a few hundred feet east of the highway, and all were returning to their homes, which necessitated crossing the highway from east to west. As the six or ■seven Negroes reached the highway they came to a stop to await the passage of a log truck which was proceeding south along the highway. The testimony shows that the Negroes were standing some two or three feet east of the paved slab of the highway and were either in somewhat of a line along the side of the highway or were bunched together in a group, the testimony •differing on this point. At the time, an automobile driven by the defendant, Ware, who, admittedly, was in the course of his ■employment and who was accompanied by his wife, was proceeding north on the highway, in the lane nearest to the position occupied by the Negroes standing along the side of the road. The plaintiff was struck by Ware’s automobile, receiving serious and painful injuries, particularly to his left leg, which sustained the impact either of the car bumper or of the right front fender. Despite the unquestionable fact that all the members of the waiting group were in ■close proximity one to another, Montgomery was the only one who was struck by the automobile. It is established that Montgomery did not see the Ware automobile nor did he make any attempt to make any ■observation in the direction from which it was approaching. There is considerable conflict on the point as to whether the immediate locale of the accident constituted a highway intersection or crossing. There is some testimony on the part of plaintiff as to the existence of a road intersection, but, as best we can interpret the testimony, the “thrown up’-’ road, if any existed, must have been to the west of the highway. On the east side of the highway, at or very near the exact location of the accident, there is a blacktopped surface in front of the Salley Motor Company building. According to the testimony of the plaintiff himself the only passage to the sawmill where he and his companions were employed appears to be a footpath or trail leading across the area through high weeds and grass. It was the positive testimony of the defendant, Ware, who was familiar with the vicinity because of frequent traveling therein, that there was no intersection nor any apparent crossing.. The district judge stated as a fact in his written opinion that there was not “an apparent or conspicuous crossing on the highway where the employees of said mill crossed the highway.” Careful examination of the record fails to establish any manifest error with respect to this finding. Admittedly Ware was driving at a speed of 30 to 35 miles per hour, which was in excess of the 25 mile limit fixed by ordinance of the town of Bernice at street intersections.
The testimony is conclusive on the point that plaintiff and his companions had centered their attention on the approaching log truck and at the time there was quite a bit of discussion among them as, to ■ the identity of the driver. Such was their preoccupation in this respect that they neither observed nor made any attempt at observation of traffic approaching from the opposite direction.
The one other point which is of paramount importance, and as to which the testimony is hopelessly conflicting, concerns the actual occurrence of the accident itself. The conflict is expressed in the pleadings of the parties litigant. , In his petition. plaintiff specifically avers that the driver of the. automobile which struck him *270 “ — steered said car to the right and off onto the East shoulder of said Highway, striking your petitioner, David Montgomery, Jr.—
Defendant’s answer affirmatively avers that plaintiff “ — walked or stepped into the right front fender of the said automobile — .”
The conflict as thus initiated by the irreconcilable factual allegations of the pleadings was developed in the testimony of a number of the witnesses who attempted to explain the actual occurrence of the accident. One certain conclusion can be reached with reference to this question, namely, that there is no alternative explanation of the accident save by the adoption as a fact of one of the explanations above suggested. And it further follows that the acceptance of one serves to eliminate the other.
On this issue of fact the district judge expressed his conclusion as follows:
“The court is convinced that the plaintiff, David Montgomery, Jr. did step out in front of the oncoming Ware automobile. There is no convincing evidence to show that the Ware automobile ever left the paved portion of the highway and ran onto the shoulder of the road just prior to striking the plaintiff, and the court is convinced that said automobile did not run off of or leave the east paved lane of the highway. It follows that the plaintiff, David Montgomery, Jr. must have left his place of safety on the shoulder of the road and stepped out onto the pavement, otherwise he would not have been struck.”
With this conclusion we are completely in accord. The defendant, Ware, testified positively that his car did not leave the paved surface of the highway, and thorough examination of the testimony of all of the witnesses has convinced us that Ware was the only one who was qualified to testify on this point with any certainty. The testimony of witnesses on behalf of plaintiff is unimpressive because it is predicated purely and simply upon an assumption of what the witnesses thought must have happened and not upon what they actually saw. As a matter of fact, we do not think any of these witnesses saw the Ware automobile until the instant it came in contact with Montgomery. One other circumstance serves to substantiate this conclusion. In our opinion the close proximity of Montgomery and his companions would have made it impossible for the Ware car to move off of the pavement and onto the shoulder of the road and strike only one of the group of six or seven. It follows that the only logical conclusion which can be reached indicates the correctness of the definite finding that Montgomery himself stepped forward from his place of safety on the shoulder of the road onto the pavement and into the path of the Ware automobile.
Written statements prepared by an insurance adjuster, signed by plaintiff, David Montgomery, and by Wilbert Watley, one of his companions, which were made on July 12th and July 11th, respectively, after the accident occurred on July 10th, both declare that Montgomery stepped out onto the pavement. We quote from Montgomery’s statement as follows:
“I was looking to the north at the log truck and I did not look to the south when I started to step out onto the highway. Just as I had my left leg up in the air to take a step I was hit by a car that was on the highway. I never did see the car that hit me but it was going north.”
From Watley’s statement we quote:
“There was a big G. I. truck coming headed So. on the pavement. They were watching the truck. Just as the truck passed them David stepped out onto the pavement and I did not see him look to the south and walked into the path of a car which was headed north. I had not seen the car coming until David was hit.”
Despite the fact that both Montgomery and Watley testified on trial that Mont *271 gomery had not stepped onto the pavement, we are convinced, as was the district judge, that the circumstances related in their original statements are more accurate and reliable than their sworn testimony. We are resolved therefore that Montgomery did step out onto the pavement and was struck by the Ware automobile, and, further, that plaintiff completely failed to establish his contention that the Ware automobile left the pavement and came over on the shoulder of the highway.
In view of this finding of fact we think the conclusion is inescapable that Montgomery, by failing to make any observation of approaching traffic, was grossly negligent and careless in leaving a place of safety and stepping into the path of an approaching vehicle, and we further conclude that this negligence was the sole and proximate cause of the accident.
This being so, it is unnecessary to consider facts and circumstances relating to the determination of negligence on the part o-f defendant, Ware, and there remains for our attention only the strenuously argued proposition on behalf of plaintiff as to the applicability of the doctrine of last •clear chance or discovered peril.
The doctrines relied upon have been ■discussed in a multitude of cases and have been denied or applied in accordance with the facts involved in each particular case. But never, so far as we know, has the •discovered peril doctrine been applied for for the purpose of holding a driver liable unless the discovery of the peril in which .a negligent party has placed himself is susceptible of being observed in sufficient time to permit the avoidance of the accident. Similarly, the principle of the last •clear chance is not applicable unless the •circumstances are such as indicate the possibility of the avoidance of the accident. The factor of time is an essential element.
In the instant case there are no facts which would justify the application •of either of the doctrines urged. Plaintiff, being in a position of safety, concededly awaiting the passage of traffic on a highway, without warning, and with the utmost negligence, stepped out into the path of an approaching car. When he took the one step necessary to remove himself from a place of safety into a place of danger there was no time for the defendant, Ware, either to observe plaintiff’s danger or take any action or chance of avoiding the accident. Under these facts we are at a loss to perceive any ground, no matter how slight, which would support the application of the doctrines considered.
For the reasons assigned the judgment appealed from is affirmed.