135 So.2d 536 (1961)
David P. HAMILTON, Plaintiff-Appellee,
v.
William W. DALRYMPLE and Hardware Mutual Casualty Company, Defendants-Appellants.
No. 9625.
Court of Appeal of Louisiana, Second Circuit.
November 22, 1961.
Rehearing Denied December 27, 1961.
Bodenheimer, Looney, Richie & Jones, Shreveport, for appellant.
*537 Dimick & Hamilton, Shreveport, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
GLADNEY, Judge.
This suit was instituted by plaintiff for damage sustained by his automobile which was involved in a two vehicular collision on February 19, 1960, at the intersection of Forest Avenue and Wheless Street in Shreveport, Louisiana. The named defendants are William W. Dalrymple and his liability insurer, Hardware Mutual Casualty Company. A trial of the case on its merits resulted in judgment for plaintiff in the sum of $1,987.65. From this decree defendants have appealed and plaintiff has answered the appeal requesting that the award be increased to $2,425.15.
On the afternoon of the accident, with weather conditions normal, plaintiff's Cadillac automobile driven by his chauffeur, Alfred Eden, was traveling east on Forest Avenue toward Wheless Street. At approximately the same time Alan W. Dalrymple, the fifteen year old son of defendant, William W. Dalrymple, was driving his father's car north on Wheless Street and approaching Forest. Matthew Chevalier, plaintiff's cook, was a passenger in the Hamilton car. No one was in the car with young Dalrymple. Apparently Eden, Chevalier and Dalrymple were the only eye witnesses to the collision, although Officer W. F. Kitchens, of the City Police force immediately after the accident made an official investigation and report. Plaintiff's automobile was admittedly damaged to the extent of $1,487.65, however, in addition to said amount plaintiff claims a loss of $937.57 for depreciation. The judgment includes an allowance of $500.00 for depreciation.
The intersection in question is a crossing of Wheless, which runs north and south, and Forest, which runs east and west. Both are hardsurfaced streets, being 36' 2" wide and 26' 5" wide respectively. The crossing is not controlled by traffic signs nor signals, and is what is commonly referred to as a neutral intersection. Because of this, a motorist approaching the intersection from the right is accorded the right-of-way by virtue of statutory provisions of the state highway regulation act, and the traffic ordinance of the City of Shreveport. Alan Dalrymple thus was the favored motorist in that he was traveling on the superior thoroughfare.
The evidence discloses that the locus of impact of the two vehicles was at a point ten feet north of the south pedestrial crosswalk, sixteen feet east of the west pedestrial crosswalk, and twenty-four feet and ten inches northeast of the southwest corner. The Cadillac automobile came to rest at the northeast corner of the intersection, and the Dalrymple vehicle stopped in Forest Avenue east of the intersection.
Alan Dalrymple testified he approached the intersection at a speed of twenty-five to thirty miles per hour, and when within twenty to twenty-five feet from the intersection he first observed the Cadillac automobile approaching from his left, and immediately applied his brakes; that simultaneously the driver of the other car also applied his brakes with the result that both vehicles slid forward. Dalrymple testified further that he attempted to turn right or eastward into Forest to avoid the effect of the collision. He said he was not sure which side of Wheless Street he was driving on.
Alfred Eden and Matthew Chevalier testified that Eden in approaching the intersection, reduced his speed from approximately twenty miles per hour, and was slowly entering the intersection when he saw the Dalrymple car coming at an excessive rate of speed, and immediately brought the Cadillac to a stop, and while the vehicle was still at rest it was struck by the other automobile. These witnesses related that the bumper of the Ford automobile hung *538 onto the bumper of the Cadillac and their vehicle was pulled to its ultimate place of rest.
Officer Kitchens testified he found skid marks of the Ford and the Cadillac to be thirty-six feet and eighteen feet respectively. He testified the allowed rate of speed on Wheless was thirty-five miles per hour.
Appellant assigns error to the judgment from which appealed in that it failed to find plaintiff contributorily negligent, and in holding that plaintiff was entitled to recover $500.00 above the cost of repairing plaintiff's damaged vehicle, for depreciation.
The record is not clear as to whether the court determined there was negligence by Alfred Eden. We opine that the decree was based on the last clear chance doctrine. Albeit, careful consideration was given to the issues presented in the trial court for the record shows that when first submitted, judgment was rendered on behalf of the defendants, rejecting the demands of plaintiff, and upon rehearing the case was again orally argued and submitted on briefs, after which a decision was entered in favor of the plaintiff.
As we appreciate the evidence, Eden first observed the approach of the Dalrymple car when Eden's vehicle was close to the intersection, perhaps within ten or twelve feet. At that time certainly the Dalrymple automobile was more distant. Both drivers realized that if either vehicle attempted to go through the intersection a collision would result, and accordingly, both applied their brakes. Plaintiff's car was traveling at such a low rate of speed that Eden was enabled to bring it to a stop before it crossed into the east side of Wheless Street. Trooper Kitchens, from debris and other physical evidence, definitely located the point of impact between the left front fender of the Dalrymple automobile and the right front fender of the Hamilton car at a point close to the center and within the west side of Wheless Street.
There remained, therefore, about eighteen feet in front of the Hamilton vehicle on the east side of the intersection or the east portion of Wheless Street, through which Dalrymple, had he exercised proper control of his vehicle, could easily have passed and avoided the accident. Anticipating such a finding by the court, it is argued by counsel for appellants that Alan Dalrymple should not be held responsible for invading the west side of Wheless Street forasmuch as the negligent entry of Eden into the intersection brought about an emergency, which resulted in the Dalrymple car skidding into the Hamilton car while attempting to avoid a collision. We have given careful consideration to this contention, but find it without merit. It is our finding the Hamilton car stopped shortly before it was struck by the other automobile whose driver, if proceeding at a lawful rate of speed, had ample space within which to pass and avoid the ensuing collision. Our holding assumes, and we find that Eden and Dalrymple made negligent entries into the intersection. The question is presented, therefore, as to whether or not the doctrine of the last clear chance or discovered peril is applicable.
The doctrine is of frequent application. Thus in Gallioto v. Chisholm, La. App., 126 So.2d 63 (4th Cir. 1960), a motorist attempted to cross the intersection at a speed of five miles per hour without maintaining a proper lookout for another vehicle traveling on the superior right-of-way, and a collision occurred. The court held the motorist who had crossed the middle of the intersection before the collision took place, was guilty of contributory negligence, but was permitted to recover under the doctrine of last clear chance for the reason that he had crossed the middle of the intersection before the collision took place and the other motorist was afforded an opportunity to avoid the accident had he exercised due care. In the instant case the Hamilton automobile was brought to a stop before reaching the halfway point, which afforded *539 Dalrymple an opportunity to avoid the accident by proceeding across the intersection in front of the Hamilton vehicle, whereas in the cited case the defendant had an opportunity of avoiding the accident by permitting the plaintiff car to travel through the intersection ahead of him. The crux of the case is whether or not young Dalrymple had timely opportunity to avoid the collision. We are of the opinion that he did. The evidence, although disputed, indicates he was traveling at a moderate rate of speed and observed the approach of the Cadillac while some distance from the point of impact. Had his vehicle been under proper control, he had ample opportunity to avoid the collision by keeping to the right of Wheless Street.
It is true, we think, that Eden entered the intersection ahead of Dalrymple, but forasmuch as he was traveling on an inferior street, it was his duty to yield to any approaching vehicle without requiring it to make an emergency stop. The rule has frequently been stated to the effect that before a motorist can rely on preemption:
"* * * he must show that he made entry into the intersection at proper speed and sufficiently in advance of the approaching car on the intersecting roadway to permit him to proceed on his way without requiring an emergency stop by the other vehicle; or, to describe the same principle in other words, the entry must be made with the opportunity of clearing the intersection without obstructing the path of the other vehicle, under normal and reasonable circumstances and conditions. See Butler v. O'Neal, La.App., 26 So. 2d 753, 756; Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829, 831; Lafont v. Nola Cabs, Inc., La. App., 65 So.2d 918, 920; Dodd v. Bass, La.App., 76 So.2d 572, 575; Heindel v. Transcontinental Ins. Co., La.App., 82 So.2d 491, 492." Gallioto v. Chisholm, La.App., 126 So.2d, 63, 65.
Notwithstanding the negligent entry of Eden into the intersection, he did bring his automobile to a stop, and this act permitted adequate distance for passageway of the Dalrymple vehicle. We are of the opinion, therefore, that the collision could have been avoided had Dalrymple exercised proper care after observing the position of peril occupied by plaintiff's vehicle. Under these circumstances the doctrine of last clear chance is applicable. Jackson v. Cook, 189 La. 860, 181 So. 195 (1938); Lervick v. White Top Cabs, Inc., et al., La.App., 10 So. 2d 67 (Orleans Cir. 1942); Alvares v. Rush, La.App., 108 So.2d 797 (2d Cir. 1959); and Gallioto v. Chisholm, La.App., 126 So.2d 63 (4th Cir. 1960).
Counsel for appellants have cited the cases of Brazzel v. Farrar, La.App., 61 So. 2d 517 (2d Cir. 1952); Montgomery et al. v. Louisiana Power & Light Company, et al., La.App., 84 So.2d 268 (2d Cir. 1955); and Clark v. Shannon et al., La.App., 120 So.2d 307 (2d Cir. 1960), to the effect that the doctrine of last clear chance is applied only in instances where the facts indicate reasonable possibility of avoidance of an accident. These cases are inapposite for the reason that in the instant case we are presented with the fact that the negligent automobile came to a stop in a position where the driver of the other vehicle had time and opportunity to avoid the collision.
Appellant further complains that the trial court was in error in allowing $500.00 in addition to the cost of repairs as an item of damages for depreciation or decrease in its value after being repaired. The evidence herein consisted of the testimony of Marvin, an automobile salesman, who was familiar with plaintiff's car and who had appraised it shortly before the accident, at a value of $2,950.00. Other testimony indicates the car had been driven since its original purchase only 10,551 miles, although it was a 1957 model. Other testimony, not controverted, shows that following the accident and prior to its repair, the car was *540 worth only $500.00. In this respect the testimony of the body shop manager for the Rountree Olds Cadillac Company corroborates that of Mills, with his estimate of $500.00 as the salvage value of the car. Notwithstanding this uniform testimony, the trial court allowed $500.00, although plaintiff contended for $950.00 as the loss in value through depreciation.
Depreciation is a proper item of damage as evidenced by decisions of this court in Day v. Roberts, La.App., 55 So.2d 316 (2d Cir. 1951), Green v. Heard Motor Company, Inc. et al., La.App., 63 So.2d 178 (2d Cir. 1953) and Baker et ux, v. Shreveport Railways Company, Inc., La.App., 68 So.2d 228 (2d Cir. 1953). The testimony as to the loss by depreciation was not controverted and we believe furnishes a proper basis for the allowance by the trial judge for this item, but we think that such allowance is not inadequate and, therefore, we are not disposed to disturb the judgment of the trial court.
For the reasons assigned, the judgment from which appealed is affirmed, costs to be paid by the appellants.
HARDY, J., concurs, giving written reasons.
HARDY, Judge (concurring).
While I am in complete accord with the conclusion of the majority as to the application of the doctrine of last clear chance and therefore concur in the decree, I am in disagreement with the finding that plaintiff's chauffeur made a negligent entry into the intersection. It is my appreciation of the facts that as, or shortly before, Eden entered the intersection he observed the approach of the Dalrymple car and brought his vehicle to a stop before reaching the center of the intersection. I do not think he should be held guilty of any character or degree of negligence. The conclusion, of course, would be otherwise if, despite his observation of the approach of another vehicle, he had attempted to complete the crossing of the intersection or had been driving at such a rate of speed and without such control over his vehicle as to be unable to bring it to a stop before reaching the center of the intersection.