TATE, Judge.
These proceedings are a sequel to our decision in Younger v. Bonin et al., La.App., 149 So.2d 452. We there held a tortfeasor and her liability insurer liable in the total amount of some seventeen thousand dollars for injuries caused to a minor child; but we limited the amount of the principal sum for which the insurer (“Lumbermens”) was held liable to the five thousand dollars of its policy limits.
The present controversy concerns the liability of Lumbermens for legal interest under the judgment in Younger v. Bonin— whether the principal amount upon which Lumbermens is liable for legal interest is its policy limits, or whether instead Lum-bermens is liable for legal interest upon the total amount of the judgment.
The present defendant, Younger, appeals from adverse judgment decreeing Lumber-mens to be liable for interest only upon the smaller amount of its policy limits.
This controversy arose when, after finality of the judgment in Younger v. Bonin, the plaintiff therein (Younger) refused to accept the tender made by Lumbermens, the insurer, of the principal amount ($5,000) for which it was cast, together with accrued interest thereon only. Younger refused because of his contention that interest was due by this insurer, not just upon the policy limits ($5,000), but also on the entire award ($17,000 plus), by reason both of the Lum-bermens policy and also because of the specific wording of our decree in Younger v. Bonin.
Lumbermens thereupon instituted the present proceedings, which are in the nature of an action for declaratory judgment to determine its liability for legal interest under the judgment in Younger v. Bonin.
*342 Concentrating upon the main thrust of Lumbermens’s action — and omitting reference to ancillary relief demanded, as well as to various procedural contentions which it is not necessary to decide in view of the result we reach on the merits — , the substance of the action is as follows:
Lumbermens unconditionally deposited into the court register the principal amount of $5,000 for which it was cast, together with interest on such amount (only) of the award, from the date of judicial demand until the date of tender of such amounts. Lumbermens prayed that such amount be held to constitute payment in full of its liability as the defendant insurer cast under the final judgment in Younger v. Bonin. (Lumbermens had already paid the court costs of the action.)
The trial court granted judgment in accordance with the above-stated prayer for relief.
The parties concede that the determination of Younger’s right to obtain interest depends upon an interpretation of the now-final decree of this court in Younger v. Bonin, irrespective of whether Younger was or was not entitled under Lumber-mens’s policy to obtain legal interest from this insurer upon the full amount of the award rather than just upon the policy limits.
The decree in Younger v. Bonin, see 149 So.2d 456, is set forth in full as Appendix “A”, following this opinion. To simplify discussion, however, we will consolidate and round off the awards, and for purposes of this discussion we will treat the decree as providing:

"It is ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Robert Younger, individually [etc.'], and against defendants, Jeanette D. Bonin and Lumbermens Mutual Casualty Company, in solido, for the principal sum of $17,000 (the liability of Lumbermens being limited to only $5,000 of said principal amount), together with interest thereon at the rate of 5 per cent per annum from date of judicial demand until paid

Younger’s able counsel contends that the parenthetical limitation of Lumbermens’s liability is plainly confined to the principal sum ($5,000) and thus does not relate to interest. Therefore, it is urged, Mrs. Bonin and Lumbermens were held liable in solido for the full principal sum of $17,000 plus interest upon said entire amount; but the parenthetical limitation provides that Lumbermens shall be liable only for $5,-000 “of said principal amount” ($17,000), without limiting Lumbermens’s liability in solido for interest upon the entire ($17,000) award.
On the other hand, Lumbermens’s counsel suggests that the intent of the provision adding “together with interest thereon”, was to refer directly both to the award of $17,000 and also to the limitation of Lum-bermens’s liability to $5,000 of such award. As thus read, the award is in solido for the principal sum of $17,000 “together with interest thereon”, with the liability of Lum-bermens likewise being limited to only $5,-000 “together with interest thereon”.
As the appellant notes, however, one objection to the construction suggested by Lumbermens is that the use of the parentheses instead of commas may technically prevent the phrase “together with interest thereon” in the sentence from referring to that part of the sentence separated by the parentheses from the allegedly modifying phrase and the rest of the sentence. This is because, technically, “Parentheses, or marks of parenthesis, are used to set off a word, phrase, or sentence which is inserted by way of comment, explanation, translation, etc., in a sentence but which is structurally independent of it.” Webster’s New Collegiate Dictionary (1959 ed.), p. 1151. (Italics added.)[1]
*343 If this is so, however, then the “structurally independent” participial phrase in parentheses (“the liability of Lumbermens being limited to only $5,000 of said principal amount”) thus set off from the rest of the sentence, might be interpreted as meaning that the liability of Lumbermens is limited to only $5,000 of said principal •amount, without any liability of Lumber-mens whatsoever for interest, either on the '$5,000 or on the $17,000. (We pretermit ■discussion of whether the portion of the •sentence within the parentheses is really inserted only by way of “comment, explanation, translation”, instead of being intended as an integral part of it; even though, perhaps incorrectly, enclosed in parentheses.)
We think that the previous discus•sion indicates that two or more constructions with regard to Lumbermens’s liability for interest might reasonably be placed •upon our decree in Younger v. Bonin. This being so, “When a final judgment is ambiguous or susceptible of two different constructions as regards material parts, resort may be had to the pleadings in order to ■clarify, if such be possible, ambiguities and uncertainties. Davis v. McCain, 171 La. 1011-1018, 132 So. 758; Succession of Regan, 12 La.Ann. 156; Succession of Durnford, 1 La.Ann. 92; Peniston v. Somers, 15 La.Ann. 679.” Williams v. Williams, La.App. 2 Cir., 17 So.2d 641, 644, certiorari denied.
Referring to the trial court decree in Younger v. Bonin (set forth in full as Appendix “B” hereto), it clearly limited Lumbermens’s liability for interest to that upon the awarded policy limits of $5,000 only.
In that suit, the defendant appealed from the trial court’s award to the plaintiff; the plaintiff answered the appeal, requesting a greater award for the personal injuries of the minor child for her use and benefit, and further requesting that some portion of the recovery against the insurer be prorated so as to allow the father to recover individually from the defendant insurer. (As can be seen by referring to Appendix “B”, the trial court decree did not prorate the award against the insurer between the recovery of the plaintiff-father individually and that for the child.)
In this court’s decision of this appeal, Younger v. Bonin, 149 So.2d 452, we affirmed the trial court judgment insofar as it held the defendant to be liable. We further granted the plaintiff relief in accordance with the allegations of his answer to the appeal.
Aside from holding that the amount awarded for the personal injuries should be increased, the only other error we found in the trial court judgment was that it “erred in failing to apportion the amount owed by that defendant [insurer] to the two claimants” [i. e., the father on the one hand, and the minor daughter on the other hand], 149 So.2d 455. We then amended the trial court judgment “to conform to the views herein expressed”. 149 So.2d 456.
Thus, according to our opinion, our decree (Appendix “A” attached) was recast solely (a) to award a greater amount for the use and benefit of the minor child for *344 her personal injuries, and (b) to apportion the insurer’s liability in the principal sum of $5,000 between the father’s individual claim and that asserted for his minor child. We did not intend to change the trial court’s decree insofar as it limited Lumber-mens’s liability for interest to that only upon the principal sum of $5,000 for which it was held liable, see trial court decree at Appendix “B”; nor is there any indication that we so intended.
Upon carefully restudying the briefs filed in the previous appeal to this court in Younger v. Bonin, La.App., 149 So.2d 452, we find that Younger’s brief therein did contain an offhand reference in three lines of page 18 thereof to the effect that the trial court judgment should not be worded, as revised by this court, so as to defeat Younger’s right to compel the insurer to pay interest upon the entire total of the awards. This suggestion was not strenuously urged, however — for instance, the policy provision quoted to us in the present proceedings as the basis for such a holding, was not called to our attention on the earlier appeal.
Our opinion in Younger v. Bonin did not discuss this offhand suggestion by counsel. To repeat, we think from the reading of our opinion and decree therein it is apparent that we did not intend to change the substance of the trial court judgment insofar as it limited Lumbermens’s liability for interest to that only upon the principal amount for which it was cast ($5,000), its policy limits; we thus did not intend to hold Lumbermens liable additionally for interest upon the entire amount of the award ($17,000).
In the present proceedings, therefore, the trial court correctly held that Lumber-mens’s tender and payment of the principal amount of $5,000, plus interest upon said amount (only) from date of judicial demand until date of tender, completely satisfied Lumbermens’s liability under the judgment previously rendered in Younger v. Bonin.
For the reasons assigned, the judgment of the trial court is affirmed, at the cost of the defendant-appellant.
Affirmed.
APPENDIX “A”
The court of appeal decree in Younger v. Bonin provides as follows:
“The judgment appealed from will be amended to conform to the views herein expressed. We have decided to recast the judgment to read as follows:
“It is ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of plaintiff, Robert Younger, individually, and against defendants, Jeanette D. Bonin and Lumbermens Mutual Casualty Company, in solido, for the principal sum of $2,0.44.85 (the liability of Lumbermens Mutual Casualty Company being limited to only $599.88 of said principal amount), together with interest thereon at the rate of 5 per cent per annum from date of judicial demand until paid.
“It is further ORDERED, ADJUDGED and DECREED that judgment be rendered herein in favor of plaintiff, Robert Younger, for the use and benefit of his minor child, Darlene Younger, against defendants, Jeanette D. Bonin and Lumbermens Mutual Casualty Company, in solido, for the principal sum of $15,000.00 (the liability of Lumber-mens Mutual Casualty Company being limited to only $4,400.12 of said principal amount), together with interest thereon at the rate of 5 per cent per annum from date of judicial demand until paid.
“It is further ORDERED, ADJUDGED and DECREED that defendants, Jeanette D. Bonin and Lumbermens Mutual Casualty Company, in solido, be and they are hereby condemned to pay all costs of this suit, including the costs of this appeal.”
APPENDIX “B”
Following trial of Younger v. Bonin, a judgment of the District Court on July 3, 1962, was granted as follows:
“1. That there be judgment herein in favor of the plaintiff, Robert Younger, individually, against Mrs. Jeanette D. Bonin for the sum of Two Thousand Forty-four and 85/100 ($2044.85) Dollars, with interest at the rate of 5 percent per annum from June 5, 1959, until paid.
“2. That there be further judgment herein in favor of the plaintiff, Rob *345 ert Younger, for the use and benefit of his minor daughter, Darlene Younger, against Mrs. Jeanette D. Bonin and Lumbermen’s Mutual Casualty Company, the defendants, in the sum of Five Tbousna and 00/100 ($5,000.00) Dollars, in solido, with interest at the rate of 5 percent per annum from June 5, 1959, until paid.
“3. That there be further judgment herein in favor of the plaintiff, Robert Younger, for the use and benefit of his minor daughter, Darlene Younger, against the defendant, Mrs. Jeanette D. Bonin, for the additional sum of Five Thousand and 00/100 ($5,000.00) Dollars, with interest at the rate of 5 percent per annum from June 5, 1959, until paid.
“4. That there be further judgment herein against defendants, Mrs. Jeanette D. Bonin and “Lumbermen’s Mutual Casualty Company, condemning them in solido to pay all costs of this suit.”
On Application for Rehearing
En Banc. Rehearing denied.

. We have stated the rule regarding the use of parentheses in accordance with the appellant’s contentions. Actually, the use of parentheses is broader than that *343 indicated, according to some authorities. Por instance, in the college textbook, The Macmillan Handbook of English (4th ed., 1960), the rule is stated that “Parentheses are used to enclose material that is supplementary, explanatory, or interpretative”. P. 313. The ■discussion following the statement of this rule indicates, further, that the principle is not necessarily followed by all writers; further, in the discussion of the use of •commas to set off appositives (words or ■phrases used to limit or qualify or add to or emphasize the meaning of the word or phrase referred to), the text notes that “Appositives may be enclosed in parentheses of set off by dashes to indicate a greater degree of separation, if such a distinction is desired.” P. 292. In any event, however, reference to the prior pleadings is determinative that the parenthesized limitation of liability of the principal amount was intended also to limit the liability for interest. (See text of opinion below.)